No. 20,794.

JACOB CORBETT, *Appellant*, v. EDWIN S. COHEN, as Executor, etc., and PAULINE HARBAUGH, *Appellees.*

### SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP—*"Islands"*—*"Accretions"*—*Findings*—*Evidence.* The proceedings examined, and held to disclose no misconception of law on the part of the court in stating findings of fact. Held, further, the findings were sustained by the evidence.

Appeal from Kearny district court; GEORGE J. DOWNER, judge. Opinion filed April 7, 1917. Affirmed.

*Edgar Foster,* of Dodge City, for the appellant.

*William H. Thompson, Fred Robertson,* both of Kansas City, *E. R. Thorpe,* of Lakin, and *J. H. Enderline,* of Kansas City, for the appellees.

*Bertram L. Hart,* of Lakin, for the state.

The opinion of the court was delivered by

BURCH, J.: The controversy relates to proprietorship of a tract of land lying south of what was the north bank of the Arkansas river, as located by the government survey made in 1873. The plaintiff, by virtue of survey and settlement, undertook to acquire title to the tract, a portion of which is island school land, and the remainder of which he claims as accretions to the islands. The defendants own land which was formerly bounded on the south by the north bank of the river as originally surveyed. They protested the plaintiff's settlement and asserted ownership of the tract in controversy, except the islands, by virtue of the processes of accretion to and reliction from their shore. The state intervened, for the protection of whatever rights it might have, the validity or invalidity of the plaintiff's settlement being a matter for future determination, should the defendants' claim of ownership fail. The court stated findings of fact and conclusions of law. Judgment was rendered that the plaintiff take nothing and that the defendants recover their costs. The contention here is that the court misapplied the law in formulating its findings of fact.

A jury was called to answer special questions submitted to them by the court. To assist the jury in answering the questions, the court properly defined the terms "island," "accretion," "reliction," and "alluvium," and gave general directions to enable the jury to make intelligent use of the terms. The jury heard the evidence, viewed the premises, and returned findings of fact. The court set aside the findings of the jury, viewed the premises, and made the following findings:

"First. That at the time the United States Government Survey of section fifteen (15), in township twenty-four (24) south, of range thirty-five (35), was made in 1873, there were within the banks of the Arkansas River, south of the meandered north bank of the said river along section 15-24-35 as it passed through said section, several small islands, some of which have since disappeared by being washed away by the waters of the said river, two of which islands still remain.

"Second. That there were on June 28th, 1915, two small tracts of land in the Arkansas River, south of the north bank of said river as it passes through said section 15-24-35, which were entirely separated from the north bank of said river by a distinct channel of said river and which at one time had been islands.

"Third. That such small islands were south of that part of section 15-24-35 lying north of the north bank of said river, that such islands were included within the boundaries of the plat filed herein by the plaintiff and that such islands were entirely separated from the other lands included in such plat, by a distinct channel of said river.

"Fourth. That no part of the land embraced in the survey and plat or claimed by the plaintiff herein lying west of the east line of said section 15-24-35, and lying south of the north bank of said river, except the two small islands above mentioned, were ever islands in the Arkansas River as defined in section 9, chapter 295, Laws of 1913 of Kansas.

"Fifth. That no settlement or improvement has been made by the plaintiff herein upon any land which was ever an island in the Arkansas River, adjoining or lying south of said section 15-24-35.

"Sixth. That the improvements made and settlement claimed by the plaintiff upon the lands embraced within the boundaries of the plat and survey filed herein were made upon the land belonging to the estate of Jacob H. Cohen, deceased, and were made upon the lands which were never an island in the Arkansas River.

"Seventh. That the lands now lying between the north bank of such small islands hereinbefore referred to and the north bank of the Arkansas River, through section 15-24-35, as meandered by the United States Government Survey thereof, has [been] added by accretion and reliction to that part of section 15-24-35 lying north of said river."

The definition of the word "island" contained in the statute referred to in the fourth finding was given to the jury, and reads as follows:

"The word 'island' as used in this act, means and shall be held to be a tract of land which is entirely surrounded by the current of the stream in which it is situated when at its ordinary low stage." (Laws 1913, ch. 295, § 9.)

Following this definition of the word "island," the statute undertook to make islands which had been attached to the mainland twenty years or more accretions to the mainland, by this provision:

"And any islands which have been formed and attached to the land or banks along such streams, and which have not been islands as herein defined during the twenty years last past, are hereby declared to be accretions to and belonging to, and parts of the lots and lands to which they have become attached." (Laws 1913, ch. 295, § 9.)

In the case of *Winters v. Myers,* 92 Kan. 414, 140 Pac. 1033, the court held this part of the statute to be void. The argument in the present case is that the court applied the void portion of the statute in making its findings.

The portion of the statute held to be void is no part of the definition of an island. After having defined the term "island" the legislature proceeded to make an arbitrary extension of the ordinary meaning of the term "accretion" to include certain islands. The finding refers to the definition of the term "island," and not to the arbitrary definition of the term "accretion." Neither in the instructions to the jury nor in its findings of fact did the court refer to the statutory definition of "accretion." The court had before it the decision in *Winters v. Myers,* supra, and understood that twenty years' connection between islands and the mainland did not convert the islands into accretions. This understanding was clearly disclosed by the instructions to the jury, and there is nothing whatever to indicate that the court deliberately accomplished an about-face and applied to the evidence the void statutory extension of the term "accretion." That the court had in mind processes of nature and not of the legislature is clearly indicated by the expression "has been added by accretion *and reliction,"* found in the seventh finding, which is determinative of the case.

It is argued that if the court did not apply the void portion of the statute in making its findings of fact, the findings are without support in the evidence. What the evidence establishes is not very clear, and conceding that it might be difficult for this court to deduce from the abstract and exhibits the precise findings stated by the district court, it possessed advantages which this court does. not enjoy. It viewed the premises, and judged of the operation of the forces acting to produce this land by the topography of the tract, its soil, its vegetation, its trees, and other visible facts. The knowledge thus acquired enabled the district court to weigh the testimony of the witnesses and to apply such of their observations and descriptions as were credited, with an intelligence which this court can not command.

. It is said that the right to a jury trial was denied. No denial of any request for a jury trial, or overruling of any objection to the method of trial adopted, is pointed out.

The judgment of the district court is affirmed.