No. 22,850.

PAULINE HARBURGER COHEN, *Appellant and Appellee,* v. JACOB A. CORBETT et al., *Appellees and Appellants.*

### SYLLABUS BY THE COURT.

SETTLEMENT—*On Tract of Land as School Land—Bond Required for Costs and Damages—Elements of Damages.* The bond which was formerly required to be given by a settler desiring to acquire a tract as school land on the ground that it had originally been an unsurveyed island, conditioned for the payment of all costs and damages awarded against him in any of the subsequent proceedings relating thereto, covers the expenses, including attorneys' fees, incurred by one found to be the owner in resisting such claim in the district court and in the supreme court on appeal.

Cohen v. Corbett.

Appeal from Kearny district court; CHARLES E. VANCE, judge. Opinion filed November 6, 1920. Modified.

*William H. Thompson*, and *Fred Robertson*, both of Kansas City, for the appellant.

*Edgar Foster*, and *Horace Foster*, both of Garden City, for the appellees.

The opinion of the court was delivered by

MASON, J.: On February 9, 1915, Jacob A. Corbett settled upon a tract claimed by him to be school land belonging to the state in virtue of having originally been an unsurveyed island in the Arkansas river. On April 1 of that year, in pursuance of his plan to acquire title thereto, he gave the bond required by statute (Laws 1913, ch. 295, § 2) conditioned for the payment of all costs and damages that might be awarded against him in any of the subsequent proceedings relating thereto in case it should be finally determined that he was not entitled to purchase it. His claim was contested by Pauline Harburger Cohen and upon a trial of the case the district court adjudged her to be the owner of the land, a judgment which was affirmed on appeal. (*Corbett v. Cohen*, 100 Kan. 348, 164 Pac. 264.) The present action is brought by her upon the bond to recover the damages sustained by her from the institution of the proceedings for the purchase of the tract as school land, including her attorneys' fees in the district court and in the supreme court in the litigation referred to. She was allowed to recover only for her expenses in defending the proceeding in the district court. She now appeals from the part of the judgment denying her a recovery on account of her expenses in resisting the former appeal. The defendants also complain of the judgment and ask a reversal on the ground that no recovery whatever should have been allowed the plaintiff. The issue between the parties thus raised is whether or not the statute should be so construed as to permit a recovery on the bond for the expenses incurred by the owner of a tract in resisting the effort of a settler to purchase it as school land.

The part of the statute relating to the giving of the bond reads as follows, the portion thereof bearing immediately upon the question being here printed in italics:

"Any person who has heretofore settled, or shall hereafter settle upon any such island or a part thereof, for the purpose of purchasing the same as school land, . . . shall . . . furnish a bond running to the state of Kansas, signed by one or more sufficient sureties to be approved by the said county clerk, *conditioned that such settler shall pay all costs and damages that may be awarded against him or her in any of the subsequent proceedings relating thereto, in case it shall be finally determined that such claimant was not entitled to purchase such tract as school land,* and such bond shall be available for. the protection of the state of Kansas, and adverse claimant to such land, and any and all court or other officers and witnesses that may become entitled to fees, or costs in any of the proceedings relating to said matter." (Laws 1913, ch. 295, § 2, repealed by Laws 1915, ch. 322, § 14.)

We find considerable difficulty in reaching a satisfactory construction of the italicised words. There is obvious plausibility in the contention of the defendants that the obligation to be incurred by the bondsmen is only to pay such sum as may be awarded against the settler by an order made in the specific proceeding which is instituted in the district court by the assertion of his claim, the purpose of which is to determine whether or not the tract involved is public land. That is a construction which might readily be put upon the language if it were not for the use of the word "damages." The statute does not provide for the allowance in that proceeding of any damages other than costs, although provision is made for taxing as costs reasonable fees for the attorney-general or county attorney appearing for the state, not to exceed $25 in the district court and $50 in the supreme court. (Laws 1913, ch. 295, § 4.) The interpretation suggested therefore gives no effect whatever to the word "damages." The phrase "damages and costs". has been interpreted as meaning merely "costs," but only where it was found impossible to give any additional force to the use of the word "damages." (*Riley v. Mitchell,* 38 Minn. 9, 12.) We do not feel at liberty to adopt that interpretation if any other is reasonably open which will make that term of some effect. Inasmuch as the bond is expressly made available for the protection of the adverse claimant of the land a natural explanation of the use of the word damages is that it refers to compensation for his expenses in resisting the settler's claim if it shall prove ill-founded. This meaning is in accordance with what appears to be the spirit of the provision and can be derived from its letter by regarding the phrase "in

any of the subsequent proceedings relating thereto" as applying to "damages" instead of "awarded," as though the clause read "shall pay all costs and damages in any of the subsequent proceedings relating thereto that may be awarded against him." Under this interpretation of the statute, which we adopt, the bond is of the same character as those given upon the obtaining of an attachment or injunction, which support a recovery of attorneys' fees. (*Parish v. Brokerage Co.,* 92 Kan. 286, 140 Pac. 835; *Mulvane v. Tullock,* 58 Kan. 622, 50 Pac. 897.) The purpose being to indemnify the owner of the land against the financial loss occasioned by an unfounded assault upon his title, we think his recovery should extend to the expenses of resisting an appeal as well as of defending against the attack in the district court. Such appears to be the more usual view where that question has been raised in attachment and injunction proceedings. (6 C. J. 543, note 1*c*; 14 R. C. L. 488.)

The amount of the additional expenses incurred by reason of the appeal has already been found, so that there is no occasion for a further hearing in that regard.

The cause will be remanded with directions to modify the judgment by increasing it by that amount.