No. 22,839.

C. C. WYANDT, as Executor, etc., *Appellant*, ·v. ARTHUR MERRILL, as Guardian, etc., and CLARENCE HOLMES, *Appellees*.

OPINION DENYING A REHEARING.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion denying a rehearing filed January 8, 1921. (For original opinion of affirmance see 107 Kan. 661, 193 Pac. 366.)

*C. S. Crawford,* and *E. S. Crawford,* both of Abilene, for the appellant.

*G. W. Hurd, Arthur Hurd,* and *Bruce C. Hurd,* all of Abilene, for the appellees.

The opinion of the court was delivered by

MASON, J.: In a motion for a rehearing the appellant cites *Howell v. Pugh,* 27 Kan. 702, as deciding that where rent is to be paid by the tenant delivering a fractional part of a matured annual crop the title to a share in the crop vests in the landlord before maturity. What was actually thère decided was that in such a situation while the crop was still growing the landlord could make a valid transfer to another of all his rights with reference thereto, and that thereafter it would be beyond the reach of his creditors. The transfer there made was evidenced by a writing acknowledging the receipt of the purchase money for the landlord's share of the crop and including an order to the tenant to deliver it to the person who had made the payment. In the opinion the transaction is spoken of as the passing of title to the crop by a sale. It might appropriately have been described as an assignment of all the rights of the landlord with respect to the crop—in effect an assignment or sale of the rent to become due—which substituted the assignee as the person to whom the tenant was required to account, and left no right in the landlord in that regard, thus effectually preventing his creditors from subjecting the crop to the payment of their claims. This aspect of the matter is to some extent

recognized in the opinion by a quotation from a text writer to the effect that "if . . . possibilities are distinctly connected with interest or property, they may be sold." (p. 706.) (See, also, 5 C. J. 854-859, 971; Note, 56 Am. St. Rep. 343-345.) We do not regard the case as determining that because a landlord is to receive as rent a share of a crop at its maturity the title thereto vests in him before it matures.

The court adheres to the views expressed in the original opinion and the motion for a rehearing is overruled.