No. 28,204.

J. E. Foltz, *Appellant,* v. I. Feld, *Appellee.*

(268 Pac. 854.)

Opinion filed July 7, 1928.

*Walter F. Jones,* of Hutchinson, for the appellant.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a landlord to collect, by means of attachment of the tenant's property, rent to accrue on an unexpired lease. A demurrer to the petition was sustained, and plaintiff appeals.

Plaintiff leased to defendant business buildings in the city of Hutchinson, to be remodeled and used as an automobile salesroom. The term was two years, beginning August 1, 1926. The rent was $200 per month, payable monthly in advance. The petition, which was filed on September 28, 1927, pleaded the lease, and continued as follows:

"Plaintiff further alleges that the defendant, I. Feld, intends to remove and is removing and has removed within thirty days prior to the filing of this petition all of his automobiles, parts, repairs and other property from the aforesaid leased premises.

"Plaintiff further alleges that within the next year there will be due ten months' rent at $200 a month and of the aggregate sum of $2,000. And that by reason of the removal of the property of the defendant from the aforesaid leased premises all of the said ten months' rent is due and payable.

"Wherefore, plaintiff prays that he have and recover of and from the defendant, I. Feld, the sum of $2,000, together with the costs of this action."

An affidavit for attachment was filed, showing commencement of the action to collect rent, that rent in the sum of $2,000 would become due within a year, and that defendant was removing property from the leased premises. A writ of attachment was issued, and was levied on defendant's property. Defendant demurred to the petition on the ground it did not state a cause of action, and moved for dissolution of the attachment. The demurrer and motion were heard together, and both were sustained.

It will be observed the petition did not allege abandonment of the premises by the tenant, or default in payment of rent as it became due, or other breach of the covenants of the lease, or fraud or intent to defraud on the part of the tenant, or insecurity of the ten installments of rent to become due in the future. The action was predicated on the following provision contained in the act relating to landlords and tenants:.

"When any person who shall be liable to pay rent (whether the same be due or not, if it be due within one year thereafter, and whether the same be payable in money or other things) intends to remove, or is removing, or has within thirty days removed his property, or the crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action in the court having jurisdiction; and upon making an affidavit stating the amount of rent for which such person is liable, and one or more of the above facts, and executing an undertaking as in other cases, an attachment shall issue in the same manner and with the like effect as is provided by law in other actions." (R. S. 67-527.)

The question involved has not heretofore been considered by this court. The only statute cited to the court which is identical with the Kansas statute is a statute of the state of Oklahoma. In the case of *Tootle, Wheeler & Motter Mercantile Co. v. Floyd*, 28 Okla. 308, the Oklahoma statute was construed, and it was held the statute provided a remedy to secure payment of rent on a store building not yet due by the terms of the lease. The decision of the Oklahoma court rests on a literal interpretation of the words "any

person who shall be liable to pay rent," and a literal interpretation of the section leads to absurdity. Filling an order for a carload of goods by a wholesale company which leases its storehouse would perforce require removal of the property from the premises. A merchant desiring to enlarge his leased quarters could not lease an adjoining storeroom from another landlord and move part of his stock to it without incurring liability to pay a year's unmatured rent to the first landlord. Should a farm tenant paying crop rent take a can of milk to the creamery, he could be made to pay all rent falling due within the next year. A farm tenant paying cash rent quarterly could not sell wheat to pay the September install-ment without liability to pay the succeeding December, March and June installments. Therefore, the words "removed his property or any part thereof" cannot be given a literal interpretation, and the meaning of the section cannot be discovered by focusing atten-tion upon single phrases.

Article 5 of chapter 67 of the Revised Statutes of 1923, relating to landlords and tenants (R. S. 67-501 to 67-530) is the original landlord and tenant act of 1868 (G. S. 1868, ch. 55). Some of the sections not material here have been amended, and the last section of the original act, relating to taxation of improvements, has been covered by the tax law; but the scheme of the law remains the same. Sections 24, 25, 26, 27 and 28 of the original act, now R. S. 67-524 to 67-528, dealt specifically with rent of farm land. They likewise dealt exclusively with rent of farm land, unless the words, "any person who shall be liable to pay rent," contained in section 27, dislocated the natural order of treatment of the subject of farm tenancies, and expanded the section to cover other kinds of ten-ancies.

R. S. 67-524 gives a lien for rent due on farming land on the crop made or growing on the premises. R. S. 67-525 makes the lessor owner of his proportion of the crop when rent due is payable in a share of the crop, and gives the lessor possessory rights and rem-edies. R. S. 67-526 authorizes the lessor to recover from a pur-chaser of the crop. R. S. 67-528 gives a remedy by attachment to enforce the lien given by R. S. 67-524, and so completes the regula-tion of farm tenancies begun in R. S. 67-524. R. S. 67-524, 67-525. and 67-528 relate, however, to rent due. (*Wyandt v. Merrill,* 107 Kan. 661, 665, 193 Pac. 366, 1087.) The subject of security for rent to become due was not covered, and the subject of insecurity created

by removal of property or crops from the leased premises was not covered. These subjects were dealt with in R. S. 67-527, relating to attachment for rent. If it was intended that the section should depart from the subject under consideration—farm tenancies—the section would normally have followed instead of preceded R. S. 67-528. The expression "removed his property or the crops . . . from the leased premises," applies specifically to farm tenancies because of use of the word "crops." The expression does not, by fair implication, apply to other than farm tenancies. It can be made to do so only by an interpolation making the section begin thus: "When any person who shall be liable to pay rent, whether for farm land or other premises." Considering the economic conditions existing in 1868, the inapplicability of the section to present-day commercial conditions, the general scheme of the law, and the peculiar phraseology of the section, the court is of the opinion the legislature would. have expressed its purposes more clearly if it intended the section should apply to other than farm tenancies. The result is, landlords granting leases of buildings for commercial purposes are left to contract security for rent to become due, and to the code remedy by attachment in case of fraud.

The judgment of the district court is affirmed.