## HENDERSON et al. v. UNITED STATES FIDELITY & GUARANTY CO. (No. 812—4838.)

Commission of Appeals of Texas, Section B.
Nov. 14, 1928.

offer in mind all the time they were pursuing Blasingame, and would have pursued and captured him as they did had there been no offer of a reward for capturing him."

We have read the statement of facts more than once, and we are unable to say that this finding of fact by the Court of Civil Appeals, to the effect that the trial court did find this fact when it rendered the judgment in favor of plaintiffs in error, is not supported by sufficient testimony. Having reached this conclusion, the Supreme Court would not be authorized to overturn the judgment on this ground, even though it might have reached a different conclusion, had it the authority to pass upon the matter.

Defendant in error, in support of its contention above mentioned, calls our attention to the case of Broadnax v. Ledbetter, 100 Tex. 375, 99 S. W. 1111, 9 L. R. A. (N. S.) 1057, asserting that the opinion rendered by us in this case is in direct conflict with the point decided in that case. The only question decided in Broadnax v. Ledbetter was the sufficiency of the petition, which failed to allege that the plaintiff, who claimed a reward, had prior knowledge of its being offered at the time of the arrest and return of the escaped prisoner, for which a reward had been offered, and the Supreme Court, in answering a certified question, held that this allegation of prior knowledge was essential to state a cause of action. Here it clearly appears that the plaintiffs in error had this knowledge. No question of sufficiency of the pleading is involved in this case. Justice Williams, speaking for the Supreme Court on this particular subject, says:

"A mere offer or promise to pay does not give rise to a contract. That requires the assent or meeting of two minds and therefore is not complete until the offer is accepted. Such an offer as that alleged may be accepted by any one who performs the service called for, when the acceptor knows that it has been made and acts in performance of it, but not otherwise. He may do such things as are specified in the offer, but, in so doing, does not act in performance of it and therefore does not accept it, when he is *ignorant* of its having been made. There is no such mutual agreement of minds as is essential to a contract."

In the case under discussion the plaintiffs in error did know of the offer of the reward, and it has been seen that the courts having the authority to do so have found the fact to be that the plaintiffs in error acted in performance of the things mentioned in the offer of reward. Believing the law and the facts as declared by the Court of Civil Appeals on this particular question to be in harmony with the principles announced in Broadnax v. Ledbetter, it becomes our duty to overrule this contention of the defendant in error.

The second question presented in the mo-

For original opinion, see 298 S. W. 404, which reversed judgment in 293 S. W. 339.

Briggs & Davis, of Gilmer, for plaintiffs in error.

Seay, Seay, Malone & Lipscomb, of Dallas, for defendant in error.

SHORT, P. J. The defendant in error has filed a motion for rehearing, wherein it discusses three questions, all of which we will note briefly in the order in which they are presented in the motion.

The first question challenges the correctness of the opinion of the Court of Civil Appeals, and our own approving this part of the opinion, to the effect that under the facts developed on the trial of the case the offer of the reward was an inducing cause to the performance of the services by the plaintiffs in error. This question involves a determination by us whether the record presents any testimony supporting the finding of fact by the Court of Civil Appeals, wherein it uses this language:

"It appeared that appellees *knew* appellant was offering the reward, and we think the trial court had a right to infer the offer was an inducement to them to act as they did, notwithstanding they testified they did not have the

tion for rehearing challenges the correctness of our conclusion, as stated in the original opinion, that under the facts as developed on the trial of the case the services performed by the plaintiffs in error were embraced within the terms of the reward offer. No additional authorities in support of the contention of the defendant in error are presented in the motion, and, being satisfied that our disposition of this question in the original opinion is correct, we pretermit further discussion of it.

The third and last question presented in the motion challenges the correctness of our opinion holding that the arrest made in this case was a legal one, and before we discuss this question it becomes our duty to correct the statement in our original opinion that the record did not disclose any affirmative testimony as to whether the two pennies found upon the person of Blasingame were a part of the stolen money. The witness Henderson, on cross-examination, after stating that he found two pennies on the man, says: "He didn't have any flour sack or any money from the bank." We overlooked this part of the testimony of the witness, and, having had our attention called to this fact, we cheerfully make the correction.

The defendant in error contends that article 325 of the Code of Criminal Procedure is not applicable to the facts in this case because of this statement of the witness Henderson, alleging that the case of Morris v. Kasling, 79 Tex. 149, 15 S. W. 226, 11 L. R. A. 398, cited by us in support of our conclusion that the arrest was legal, holds to the contrary. It is true that in Morris v. Kasling the facts show that the party arrested had the stolen property upon his person, while the facts in this case show that Blasingame, the party arrested, did not have any of the stolen property upon his person. If a proper construction of article 325 depended upon this difference of fact mentioned, then the defendant in error would be correct, but we do not think that the statute should be so construed. In construing statutes, as well as every other written instrument, it is the duty of courts to give effect to every word, phrase and sentence in such way as to harmonize the meaning of each such word, phrase, or sentence with the entire statute or instrument, if possible.

In the case of Smith v. State, 13 Tex. App. 507, in discussing this particular statute, it is declared that private individuals making arrest under circumstances justified by article 325 are de facto officers and have the same rights as officers de jure. The statute, after declaring "all persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose,"

further declares that "to justify such seizure there must, however, be *reasonable grounds to suppose* the property to be stolen, and the seizure must be openly made, and the proceedings had without delay." The latter part of the quotation would be meaningless if the contention of defendant in error is a correct construction of the entire statute. Had the statute declared that, to justify such seizure, the party making it must be in possession of unimpeachable evidence that the property seized was stolen, the construction of the defendant in error would be the proper one. But the statute does not say this, but, on the contrary, justifies the seizure and the arrest of the *supposed* offender whenever the arresting parties *suppose* the property to be stolen, basing the supposition upon reasonable grounds. Whether the arresting parties did so suppose, and whether they had a reasonable ground for this supposition, is a question of fact. Tobin v. McComb (Tex. Civ. App.) 156 S. W. 240; Haskell v. Davidson, 91 Me. 488, 40 A. 330, 42 L. R. A. 155, 64 Am. St. Rep. 254; Porez v. State, 29 Tex. App. 618, 16 S. W. 750; English v. State, 34 Tex. Cr. R. 190, 30 S. W. 233.

Evidently the trial court found as a fact that the arresting parties did so suppose the property to be stolen and did have reasonable grounds for this supposition. The testimony in the case shows that the arresting parties did not know what particular property had been stolen, and were not able to determine, at the time the arrest was made, whether the two pennies found upon Blasingame were a part of the bank's property. This is clearly shown by the uncontradicted testimony. The trial court having found this fact, under our construction of article 325, we are still of the opinion that, under the facts of Morris v. Kasling, the arrest was a legal one. However, we do not think the legality of the arrest under the facts of this case is dependent upon the fact that two pennies were found upon the person of Blasingame, and that the arresting parties had reasonable ground to suppose these two pennies to have been stolen.

In Beville v. State, 16 Tex. App. 70, in discussing article 1169 of the Penal Code, defining false imprisonment, it is said that the authority to make an arrest need not be shown to be express. "If, from all the circumstances, the law would authorize the arrest, by a fair construction, defendant would not be guilty [of false imprisonment] because the power was not expressly given."

So in the case at bar, it was the duty and privilege of the trial judge, trying the case without the intervention of a jury, in passing upon the question whether the arrest was legal or illegal, to take into consideration all the circumstances surrounding the transaction when Blasingame was taken in custody by the plaintiffs in error, and to determine from these circumstances the ques-

tion whether the arrest was legal or illegal. It must be presumed that the trial judge did so, and having found that the arrest was legal, and it being our opinion that the circumstances justified the conclusion, and that there are no circumstances in the case which would support a contrary conclusion, it becomes our duty to uphold the finding of fact by the trial court, as we did in the original opinion, even though the Court of Civil Appeals reached a different conclusion, since, as heretofore stated, all the circumstances in the case were in harmony with the finding of the trial judge on this subject.

We are further of the opinion that a proper construction of article 325 of the Code of Criminal Procedure justified the plaintiffs in error in making the arrest under the circumstances of this case, even though they had not found any money or other property whatever *upon the person of Blasingame* which they supposed had been stolen. In the case of Burkhardt v. State, 83 Tex. Cr. R. 228, 202 S. W. 513, Presiding Judge Morrow, of the Court of Criminal Appeals, in effect holds that an arrest by virtue of this statute was a legal one, though at the time the arrest was made the supposed offender was not in the physical possession of any stolen property. In the Burkhardt Case, in which there was a homicide that grew out of the attempted arrest of the appellant, this statement is made:

"The deceased was a deputy sheriff. * * * The homicide, took place on the 10th of March, 1917. In December preceding, the house of one Leuders was burglarized and a watch and chain stolen. On the day of the homicide *and a short time before the killing*, the appellant was found by deceased in possession of the watch, which was identified by the owner and his wife, who were present. The sheriff instructed deceased to arrest appellant and release him on bail, otherwise to bring him to the county seat. The deceased told appellant that he would have to arrest him unless he gave bond. Appellant attempted to give bond, but failed."

In attempting to make the arrest, the deceased was killed, and one of the defenses, among others, was that the attempted arrest was illegal. In speaking of this defense, the Court of Criminal Appeals, referring to this article of the statute, says:

"There is another statute, however, under which, the facts as to the theft being found as claimed by the state, the arrest of appellant would have been authorized without reference to the status of deceased as an officer."

The facts indicate that the arrest was made after the party who attempted the arrest had previously found stolen property in the possession of the party attempted to be arrested, and at the time of this finding had recovered the stolen property. While these facts are not clearly stated, they are evi-

dently to be inferred, and, if so, then at the time the attempt to arrest was made the officer knew that the defendant did not have in his physical possession the stolen property.

So we do not think it material that the money which Blasingame at that time was detaining, and had in his custody and under his control, by having secreted it at a place unknown to any one except himself, was not in his physical possession at the time the arrest was made, since all the elements of the statute were found by the trial court to be in existence, as shown by the testimony.

We therefore conclude that the motion for rehearing should be overruled, which we recommend.