No. 32,009

A. E. COOPER, *Appellant,* v. ART CYR, *Appellee.*

(40 P. 2d 375)

Opinion filed January 26, 1935.

*Ralph H. Noah, Lynn D. Smith,* both of Beloit, and *J. H. Wilson,* of Clay Center, for the appellant.

*C. Vincent Jones,* of Clay Center, and *H. Clifford Howe,* of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Mrs. Cooper owned a farm prior to her death. She executed a will giving the life estate to her husband, and the remainder to her children. After the death of the owner and on May 10, 1930, the life tenant leased the land to Cyr for twelve months. Payment for the lease was one-third of the crops produced on the land. Cyr had been an undertenant for two or three years and had put out crops. During the months of September and October, 1930, Cyr sowed wheat upon the real estate so leased. On December 28, 1930, the life tenant died. The share of the grain to which the life tenant would have been entitled if he had lived, was claimed by the remainderman, A. E. Cooper. He brought this action in two counts; one alleged the use of the premises for the term mentioned. On a motion filed in the district court the second count of the petition was stricken out, which alleged that Cyr was to deliver one-third of all grain grown upon the place. A demurrer was interposed to the other count, which the court sustained, holding the remainderman may not recover any part of the rent.

The lease had been made in the preceding May; the undertenant was not a trespasser then when he sowed the wheat. The court could take judicial notice of the time and manner of making farm leases in Kansas. Those ordinarily made in the summer are effective the following March, and fall wheat, if any is to be raised, must be sown several months before. It was claimed that at the very least the tenant farmer who sows wheat would be a tenant by sufferance, and based upon *Wyandt v. Merrill,* 107 Kan. 661, 193 Pac. 366, 1087, the court held the remainderman cannot maintain his action and the demurrer to the petition should be sustained.

The appellee harvested approximately 1,800 bushels of wheat from the premises, and one-third of this would be 600 bushels. The appellant brought an action to recover the landlord's share. The motion to strike the second cause of action on the ground it did not state a cause of action was sustained by the court. Thereafter a demurrer was filed to the first cause of action and was likewise sustained. From both of these rulings the plaintiff appeals.

The case ·of *Wyandt v. Merrill,* supra, has led to some confusion in litigation and is cited by both parties in the present case. It will be noted that the writer of the opinion in that case does not take up or discuss whether the common law on the subject is adapted to or is inconsistent with our system of government. The common law had been the rule in force on the subject until it was changed, and the rule contended for by defendant has not been the common law of England for hundreds of years. It was changed by parliament by the statute of 11 George II, chapter 19, section 15, in the year 1737. At that time the American colonies were under the rule of England, and when the law went out in England it was abolished in the colonies. In 1855 the territorial legislature passed an act adopting the common law and the statutes and acts of parliament of a general nature. (*Clark v. Allaman,* 71 Kan. 206, 221, 80 Pac. 571; Stat. Kan. Ter., 1855, ch. 96.) The earliest statute on the subject expressed the contrary view to that of the common law of England of about two hundred years ago. For about that time it was regarded as unsuitable to the welfare of England, and had been set aside by act of parliament. The law as interpreted in *Wyandt v. Merrill,* supra, provided that the lease, legal when made, died with the lessor because it had not fully accrued during the existence of the lease; that the common law did not permit apportionment and rent could not go to the remainderman because he is a stranger to the lease. When a right under it accrued the advantage thus given to the lessee or cropper, cutting out the interest represented by the life tenant or descendant, of any right upon his death, was denounced as unfair and was repealed by act of parliament. A contract legally made is protected, and has been from the inception of this government. Some of the provisions are provided for in R. S. 67-515 to 67-520, and these show that the landlord's right is protected, and has been from the beginning.

It has been held since *Wyandt v. Merill,* supra, was decided that from the beginning the landlord's interest did not pass with the death of the life tenant. In *Bank v. Equity Exchange,* 113 Kan. 696, 216 Pac. 278, it was held that—

"The landlord's interest, however, is inchoate with the sowing of the seed in his ground; it attaches to the growing grain to such an extent that he may sue for damage done by a wrongdoer (*Sayers v. Railway Co.,* 82 Kan. 123, 107 Pac. 641); it may be sold before maturity or division of the crop (*Howell v. Push,* 27 Kan. 702); and it ripens into full ownership with maturity of the crop. This interest the tenant is powerless to encumber or defeat, and he

could not maintain an action to recover for its destruction (*Sayers v. Railway Co.,* supra). The statute would be a mockery to landlords if, at any time after planting and before maturity, even the day before maturity, the tenant could deprive the landlord of his share of the crop; and as between landlord and tenant and persons claiming under the tenant, the landlord's statutory ownership relates to incipience of the crop." (p. 698.)

In *Snodgrass v. Carlson et al.,* 117 Kan. 80, 230 Pac. 83, the subject was again examined, and it was held that the right or lien of the landlord attaches at the beginning of the tenancy, and in the case of crops, from the commencement of their growth, whether or not the rent is then due. It was said that there is language in *Wyandt v. Merrill,* supra, which supports the opposite view, and to the extent that it is opposed to the view stated it is disapproved. It appears that the case of *Wyandt v. Merrill* was expressly overruled.

In *Bowland v. McDowell,* 132 Kan. 820, 297 Pac. 691, a phase of the subject was involved, and the view taken in *Snodgrass v. Carlson,* supra, was cited and approved.

It appears that from the beginning of things the doctrine of *Wyandt v. Merrill,* supra, has not been considered, and that the life tenant has an interest in the crop after it has commenced to grow which he might sell or which the owner might sell or mortgage and that his contract would be protected. It was a share that would descend or pass to the real owner whoever he might be.

The life tenant's share may be apportioned by the district court in accordance with the laws of the state and the growth of the crop. The crop had grown from September to December 28, and may be apportioned and paid to the life tenant or the executor of his estate. The will gave the land to the plaintiff and required him to make adjustment by the payment of money to other children. In any event the share goes to plaintiff and the apportionment may be made to him in accordance with the views expressed in *Snodgrass v. Carlson,* supra, and other cases mentioned and not according to the interpretation placed on *Wyandt v. Merrill,* supra.

The judgment is reversed and the cause remanded with directions to apportion the rental in accordance with the rule applicable in such cases.