No. 34,745

LEOTA. KOCH, *Appellee*, v. ANNA MURPHY and H. L. THOELE, *Appellants.*

(101 P. 2d 878)

Opinion filed May 4, 1940.

*Justus N. Baird*, of Kansas City, for the appellants.

*Arthur J. Stanley* and *Leonard O. Thomas*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action for damages for personal injuries sustained by plaintiff at the hands of one H. L. Thoele, the

share-cropping tenant of a small tract of land owned by the defendant, Anna Murphy.

It appears that in the crop season of 1937 the defendant Thoele occupied a forty-acre farm of Miss Murphy's in Wyandotte county, on fourteen acres of which he had grown a crop of watermelons. On the evening of August 11, 1937, the plaintiff, Mrs. Leota Koch, of Kansas City, borrowed a small truck and drove it into the country, accompanied by her four children. She came to defendant Thoele's watermelon field, stopped the truck, and walked out into the field "for the purpose," as she testified, "of selecting a melon or melons." While so engaged, the defendant shot her with a twelve-gauge shotgun from a distance of seventy-five feet or more. She received painful injuries. Some of the shot entered her knee and injured it permanently.

This lawsuit for damages followed. Plaintiff sued both landlord and tenant for the wrongdoing.

The contract between Miss Murphy and her tenant was the not unusual one where the owner furnishes the land and the seed and pays a portion of the expenses, and receives an agreed share of the crop or of its proceeds when marketed. To extend liability to Miss Murphy, there was evidence tending to show that she was accustomed to go to the farm almost every day while the melons were ripening and being marketed. At that season of the year watermelon growers are frequently annoyed by thieves. Thoele testified: "I told Miss Murphy, and she said, 'We will have to guard the patch.'" There was testimony that on various occasions she was seen in company with Thoele when he was carrying a shotgun. After plaintiff was shot and she was trying to quiet her crying children, defendant Thoele approached and said, "I was put here to guard these melons, and that is what I am going to do."

At the close of plaintiff's evidence a motion for a directed verdict in behalf of Miss Murphy was overruled, and the cause was submitted to the jury. A verdict of $400 was returned against both defendants, and judgment was rendered accordingly.

Defendants appeal.

Touching so much of it as relates to the judgment against Thoele, there can be no debate that his shooting the plaintiff was an actionable civil wrong and a grievous crime also. No matter how exasperating to a watermelon grower petty thieves of his melons may be, he must not take the law into his own hands and pepper them

with rabbit shot. This defendant is to be congratulated that his inexcusable violence was not followed with the tragic consequences recorded in *State v. Merriweather*, 136 Kan. 337, 15 P. 2d 425, where one guarding a crop of watermelons used his Winchester shotgun "to scare" some boys who were raiding his melon patch with the result that two of them were killed, the third wounded, and the gunman went to the penitentiary for the homicide.

Defendant Thoele apparently had a curious notion of the extent and limitations of his rights in guarding his melons—that to shoot the plaintiff was quite a proper thing to do, but that his right did not extend to arresting her for trespassing in his watermelon field, or for stealing his melons, if that was what she was about, which she denied. Thoele's cross-examination, in part, reads:

"Q. Did you have any intention of arresting the trespasser there? A. I had no authority to arrest them."

The right of a private person to make an arrest on view of the commission of a misdemeanor is not involved in this appeal, but on that subject see *People v. Reisner*, 295 N. Y. S. 813; *Henderson v. United States Fidelity & Guaranty Co.*, (Tex.) 298 S. W. 404, 408; Id. 10 S. W. 2d 534; 1 Bishop on Criminal Procedure (3d ed.) 91, § 169; 1 Bishop on Criminal Law, § 843 *et seq.;* 6 C. J. S. 605-608; 2 R. C. L. 451.

Coming now to that phase of the appeal which is concerned with the judgment against Miss Murphy, counsel for appellee would sustain it on some theory of partnership existing between Miss Murphy and her tenant or alternatively on a theory that their relationship was that of principal and agent. Ordinarily neither the one theory nor the other can be said to define the relationship of landlord and tenant in respect to the use and occupancy of farming land although the landlord is to be compensated therefor by a share of the crop or of its proceeds. (*Mull v. Boyle*, 102 Kan. 579, 171 Pac. 652; *Wyandt v. Merrill*, 107 Kan. 661, 193 Pac. 336; *Cooper v. Cyr*, 141 Kan. 236, 40 P. 2d 375.)

See, also, *Larkin v. Taylor*, 5 Kan. 433; *Holderman v. Smith*, 3 Kan. App. 423, 43 Pac. 272; *Foltz v. Feld*, 126 Kan. 534, 536, 537, 268 Pac. 854.

Counsel for appellee cite *Schmoker v. Miller*, 89 Kan. 594, 132 Pac. 158; *Bank v. Schuetz*, 103 Kan. 229, 173 Pac. 278; *State Bank v. Girardy*, 117 Kan. 585, 232 Pac. 1076. In the Miller and Schuetz cases, the relationship of landlord and tenant was concededly that

of partners and not in issue. In the Girardy case, in addition to the ordinary relationship of a crop-sharing tenant and his landlord there was an additional contract relating to the buying and feeding of cattle where the parties were to "share the profits and losses," which is the familiar test of the existence of a partnership. This court holds that no liability can be fastened on the landlord, Anna Murphy, for the wrongdoing of her tenant on the suggested theory of a partnership.

Quite as clearly, we think, is it untenable to fasten liability on Miss Murphy on the claimed ground that she was the principal in the matter of growing, guarding, and marketing the crop of watermelons, and that Thoele was her agent. Of course, she manifested the not unusual interest of a landlord in the concerns of her tenant. That did not make her the principal or the tenant her agent. She did not encourage and she did not sanction the act of her tenant in shooting the plaintiff; and on no discernible or suggested ground can the judgment against her be upheld.

It follows that the cause must be remanded to the district court with instructions to set aside so much of it as subjects Anna Murphy to liability, but in other respects the judgment should stand. It is so ordered.