Argued October 20, decided December 2, 1913.

## BAKER *v.* SEAWEARD.

(136 Pac. 870.)

**Partnership—Agency of Partner for Firm—Scope and Extent.**

Each partner is the agent of the firm and may sign the firm name to any paper for purposes apparently within the scope of the partnership, but a partner has no right to sign another partner's individual name, except by express authority.

From Malheur: DALTON BIGGS, Judge.

En Banc. Statement by MR. CHIEF JUSTICE Mc-BRIDE.

This is an action by R. E. Baker against E. F. Seaweard, and was previously before this court, and is reported in 63 Or. 350 (127 Pac. 961). The issues involved are sufficiently stated in the opinion then delivered. Upon retrial of the case the Circuit Court, among others, gave the following instructions: "In a suit for money had and received, as in this case, it is essential that plaintiff should establish that defendant received money from plaintiff which he was not entitled to under the law and which he should, in good conscience and equity, return to plaintiff; and plaintiff

would be entitled to recover in this case unless it appears to you that one of the defenses set up in the answer is valid, and there are really two defenses, gentlemen, set up in the answer upon which proof has been offered in this case. * * One is the defense of partnership; that is, that E. P. Mickey, and the plaintiff, were engaged in conducting the sheep business as partners, and that as such partners E. P. Mickey purchased the horses in question in this case and paid for the same in the check of the partnership. And the other is an agreement between the plaintiff and E. P. Mickey, entered into prior to the time that the plaintiff left the state in the fall for the South, whereby said Mickey was given the direct authority to purchase horses for that business. Those are the two defenses alleged or set up in the answer in this case, on which any proof has been offered you. * * A partnership exists where two or more persons contribute their labor, skill, or money in a joint enterprise where each is to receive either a part of the profits or is to bear proportionate part of the losses. * * However, a partnership depends largely on the intention of the parties at the time to enter into a partnership agreement. Neither the sharing of both profits and losses nor the sharing of one is absolutely essential. I will change that instruction. The sharing of one would be necessary, but the sharing of both profit and losses is not essential, provided the intention of the parties was to form a partnership to conduct a joint business as partners. * * Therefore if you find in this case that the said E. P. Mickey had entered into an agreement with the plaintiff whereby he was to purchase a one-third interest in the property and was to receive a proportionate part of the profits and stand a proportionate part of the expenses, I instruct you that in such an event a partnership would exist between the

said E. P. Mickey and the plaintiff in this case; but if you find under the evidence that said E. P. Mickey was to receive $50 a month as wages and one third of the profits out of said sheep business over and above all expenses in running the same, but was not to share in a proportion of the losses, and purchased no interest in the sheep, that is, owned no interest in the joint property, then I instruct you that a partnership would not exist between these two. * * If you find that a partnership existed between the said E. P. Mickey and the plaintiff, and that said E. P. Mickey bought the horses mentioned in the answer from defendant, and that the use of such horses was necessary in the partnership business, and paid the same by check drawn by himself on R. E. Baker, then the plaintiff would not be entitled to recover in this case. * * If you find, however, that there was a partnership existing between E. P. Mickey and the plaintiff, R. E. Baker, but fail to find by a preponderance of the evidence that the horses were purchased by the said E. P. Mickey from the defendant, then that would not constitute a defense in this case, for a partner has not authority to use partnership funds in paying a private debt of one of the partners; and if you find in this case that the said E. P. Mickey gave the check in question in payment of a debt which the said E. P. Mickey owed to defendant, then the plaintiff would be entitled to recover from defendant in this case the money so paid out by E. P. Mickey in the payment of his private debt. * * If you find, however, that there was not a partnership existing between the said E. P. Mickey and plaintiff in this case at the time of the payment of this money, but further find that there was an agreement made between the plaintiff and said E. P. Mickey, whereby the said E. P. Mickey was authorized to buy horses for the plaintiff's business, and you further find that in accordance with this agreement the said E. P.

Mickey purchased the horses from defendant, then such agreement and purchase would constitute a defense to this action, and your verdict should be for the defendant.''

The following instructions were requested by defendant and refused except so far as included in the general charge above quoted: ''(1) I instruct you to find for the defendant. (2) It is immaterial in this case whether plaintiff instructed E. P. Mickey not to buy horses for use in the business, if you find that Baker and Mickey were partners, unless defendant knew of such instruction. (3) I instruct you that, under the testimony of plaintiff introduced in this case, plaintiff and E. P. Mickey were partners. (4) I instruct you that there is no evidence in this case that the First National Bank of Ontario, Oregon, paid any sum whatsoever to defendant. (5) I instruct you that where one party is in possession of a written instrument as it is shown plaintiff was in this case, and fails to produce same at the trial, that the contents are presumed to be prejudicial to him. (6) I instruct you that in order to constitute a partnership it is not an essential element of the partnership that both parties to such partnership shall agree to share in the losses as well as the profits. (7) I instruct you that a partnership may be effectuated where one party invests capital or property in the business and the other party invests his time and labor. (8) I instruct you that you may take into consideration the lapse of time between the time of issuance of the check and the payment thereof and the knowledge thereof by plaintiff and the time of the commencement of suit herein. (9) I instruct you that the payment of the check in question by the bank raises a presumption that the check was lawfully given and that the bank had authority to honor the same. (10) I instruct you that in this case it is not necessary for you to find the authority

to buy the horses under the partnership agreement, if you should find such agreement, if you find that plaintiff authorized or instructed E. P. Mickey to buy horses. (11) I instruct you that, if you find that defendant actually turned over the horses claimed to have been turned over to E. P. Mickey, then your verdict should be for defendant. (12) I instruct you that under the evidence introduced in this case E. P. Mickey was authorized to buy the horses claimed by defendant to have been purchased."

The plaintiff had a verdict, and defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Ralph W. Swagler* and *Mr. William H. Brooke,* with an oral argument by *Mr. Swagler.*

For respondent there was a brief over the names of *Mr. A. A. Smith, Mr. John L. Rand* and *Mr. William H. Packwood,* with an oral argument by *Mr. Smith.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

Much of the argument presented by the defendant's counsel is upon the proposition as to what constitutes a partnership, and for the purposes of this case the propositions therein advanced may be assumed to be the abstract law. It is sufficient for the purposes of this case to say that, taking plaintiff's testimony to be true, no partnership existed between himself and Mickey; and that, taking the testimony of Mickey and other witnesses to be true, a partnership existed. It was not a case in which the court could instruct as a matter of law that there was or was not a partnership. This was a question of fact for the jury. Where the evidence is undisputed, the question as to whether or not it discloses the existence of a partnership is usually for the court; but that was not this case. There was

nothing in the evidence tending to show such a state of facts as would justify the court in holding that the plaintiff might as to the defendant be held as a partner by reason of having held himself out as such.

There was no evidence that plaintiff ever repre-, sented to defendant that he was a partner of Mickey or that any such representation was the moving cause of his parting with the property. In *Morback* v. *Young,* 51 Or. 128 (94 Pac. 35), this court stated the rule as follows: ''But as there was no partnership, and plaintiff had no contract with Young, it was necessary for her, in order to charge him with liability for the contract of Morback, to show, not only that Young was, by his consent, held out as a partner, but that she knew of such holding out at the time she rendered the services, and that she performed such work on the faith thereof'': See, also, *Gettins* v. *Hennessey,* 60 Or. 566 (120 Pac. 369). The matter of partnership is involved only indirectly in this case. In case of a partnership, each partner is the agent of the firm and is entitled to sign the firm name to any paper given for purposes apparently within the scope of the partnership business; but we have been cited to no case, and we believe none exists, that goes so far as to hold that one partner has a right to sign the individual name of the other partner to checks for the payment of money, and thus make that partner primarily liable for the debt. Paper executed in that way must be by express authority of the person whose name is used, and such authority must be proved by the preponderance of evidence. It is true that if it appears that the purchase was for the benefit of the firm and apparently within the scope of its business, and that the money obtained was for property actually purchased for the firm, the person to whom it was paid would probably be entitled to retain it; and such, in effect, was the charge given by the court. While some technical objections may be

found to the instructions given, we do not think that there was anything in them which misled the jury.

We have carefully examined the evidence and are satisfied that the verdict rendered was such as should have been given; and therefore, in accordance with Article VII, Section 3 of the Constitution, as amended, the judgment will be affirmed.          Affirmed.