No. 19,130.

H. A. CUSTER, *Appellant*, v. L. M. OLIVER et al.,
*Appellees.*

SYLLABUS BY THE COURT.

BOND FOR DEED—*Bond Signed Without Reading—Obligors
Bound By Its Terms.*  A bond for a deed conditioned for the
performance of a real-estate contract had written therein a
clause that the bond should be void as soon as court should
sit and clear the title to the land.  Two of the obligors tes-
tified in substance that they thought the instrument was to
guarantee that the title should be cleared, and one of them
who prepared the bond did not remember to have read the
printed part.  There was no lack of opportunity to know
fully the contents of the instrument, and it is held that hav-
ing voluntarily signed it they are bound for the fulfillment of
all its conditions.

Appeal from Ness district court; ALBERT S. FOULKS,
judge.  Opinion filed January 9, 1915.  Reversed.

*A. W. Wilson*, of Ness City, and *J. E. Brooks*, of
Sedan, for the appellant.

*V. T. Miller*, of Ness City, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff made a contract with L. M.
Oliver and Charles Rutherford to exchange certain real
estate in Peru, Kan., for a farm in Lane county,
plaintiff to give a mortgage back on the farm for
$1400.  After the property in Peru had been exam-
ined the contract was changed so that the mortgage
on the farm was to be $1600 instead of $1400 and a
bond for a deed was executed to plaintiff by Oliver
and Rutherford, and also J. E. Atwood and W. E. Tray-
lor, by which the obligors undertook in the sum of
$3200 that a deed should be executed on or before
April 1, 1911, upon payment of the sums called for by
the contract, and just before the clause setting forth

the obligation this sentence was inserted: "This Bond is to be null and void as soon as court sets and clears title to this land." The plaintiff, who appears to have performed his part of the contract, sued to recover on the bond, and judgment was rendered in his favor for $1880 against the defendants, Oliver and Rutherford, and the trial court found that Atwood and Traylor were not liable and rendered judgment in their favor for costs. The plaintiff appeals and insists that he was entitled to judgment against all the obligors.

It is stated in the brief of the defendants that the clause quoted was typewritten, the rest of the bond being a printed form. The question of the two formerly successful defendants' liability depends upon the effect of their testimony. Mr. Atwood testified that Mr. Rutherford asked him to sign the instrument, which he understood "was a guarantee that they would quiet title to a certain piece of property and it was stated that as soon as the court quieted the title that the bond would be null and void." On motion the court struck out "that part which recites what the Bond recites" and allowed the rest to stand. Mr. Traylor testified:

"A. I wrote the Bond and signed it under the conditions that seemed to be stated on the face of it.

"Q. Now are there any other conditions under which you signed the Bond other than what appears on the face of it? A. I did not read all the Bond carefully. I was in a hurry and I signed it for one reason because I thought Dr. Atwood had read it and it was to a certain extent on his judgment as well as on mine—

"By the COURT. You say you wrote the Bond yourself, do you? A. I wrote the typewritten part, all the other part, the printed part, I had not studied it.

"Q. Do you remember whether or not you read the printed part on the bottom? A. No, sir; that is not my understanding."

This is substantially all the evidence on this point, and instead of showing lack of liability it shows that

the two successful defendants signed the bond with knowledge or with full opportunity of knowledge touching its contents; and construing the provisions of the instrument so as to give each fair effect, as the rule requires, it is clear that even if the title had been quieted the conveyance had not been executed, and the one without the other would be of no value to the plaintiff. The four obligors were bound for the fulfillment of the obligations and neither of them is entitled to release merely because he carelessly signed without fully investigating and understanding what the instrument contained.

The judgment as to the two defendants J. E. Atwood and W. E. Traylor is reversed and the cause remanded to include them with the other judgment debtors.