Argued January 16, affirmed January 23, 1917.

FRAZIER *v.* COTTRELL.

(162 Pac. 834.)

**Partnership—Bills and Notes—Liability—Signature by Trade Name—"Person."**

1.  Under Section 5851, L. O. L., making one who signs a note in a. trade or assumed name liable as if he signed his own name, and Section 6023, defining "person" to include a body of persons, whether incorporated or not, and in view of the fact that a partnership may adopt any name it chooses as its firm name, and that each partner is the agent of the firm and may sign its name to any paper given for partnership business, a note signed, "The Oregon Locators, by F. L. G., member of the firm authorized to sign the firm name," renders the firm and the other member liable.

> [As to liability of partnership on note executed in name of a single partner, see note in **Ann. Cas. 1912A, 618.**]

**Appeal and Error—Scope of Review—Absence of Bill of Exceptions.**

2.  In the absence of a bill of exceptions, the appellate court can consider only whether the findings support the judgment.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

This is an action by W. F. Frazier against L. R. Cottrell and F. L. Granger, *alias* Guy H. Clark, partners as The Oregon Locators, on a promissory note for the sum of $100 given to George L. Masten and by him indorsed to the plaintiff.   Action was commenced in the Justice's Court, where a trial was had and a judgment rendered for plaintiff.   On appeal to the Circuit Court, a trial without the intervention of a jury resulted in a determination in favor of plaintiff. From this defendant Cottrell appeals.   AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William C. Benbow.*

For respondent there was a brief and an oral argument by *Mr. George L. Masten.*

MR. JUSTICE BEAN delivered the opinion of the court.

The note is signed, "The Oregon Locators, by F. L. Granger, member of the firm authorized to sign the firm name." It is alleged in the complaint and was found by the trial court that at the time of the execution of the note L. R. Cottrell and F. L. Granger, *alias* Guy H. Clark, were partners doing business under the firm name and style of "The Oregon Locators," and that the note in question was given in consideration of services rendered the partnership.

1. But one contention is made upon this appeal, namely, that the note does not show any liability against the defendant Cottrell under Section 5851, L. O. L., which reads:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided; but one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name."

It seems to us that the note comes within the last provision of this section that "one who signs in a trade or assumed name will be liable." It is also averred in the complaint and was found by the trial court that the defendants adopted as a firm name "The Oregon Locators." It is a well-recognized principle of law that a partnership may adopt any name it chooses as its firm name: 30 Cyc. 419. It is also well settled that each partner is the agent of the firm for the transaction of its business, and may sign the firm name to any paper given for the purposes of the partnership business: *Baker* v. *Seaweard,* 68 Or. 80, 85 (136 Pac. 870); *Morgan's Estate,* 46 Or. 233, 237 (77 Pac. 608, 78 Pac. 1029). Section 5852, L. O. L., declares that "the signature of any party may be made by a duly authorized agent." The signature of the

firm name "The Oregon Locators" to the note is in law the signature of all the members of the firm thereto: 30 Cyc. 419, 420; 22 Am. & Eng. Enc. Law (2 ed.), 166. Section 6023, L. O. L., defining words used in the negotiable instruments law, states that "person" includes a body of persons, whether incorporated or not. These sections of Lord's Oregon Laws, being a part of our negotiable instruments law, are sufficiently definite to govern the question raised in this case. L. R. Cottrell being a member of the firm, his adopted name does appear on the note as found by the trial court.

2. The evidence produced upon the trial has not been brought to this court. In the absence of a bill of exceptions, the appellate court can consider only whether the findings support the judgment: *Jeffery* v. *Smith,* 63 Or. 514, 516 (128 Pac. 822); *Miller* v. *Head Camp,* 45 Or. 192 (77 Pac. 83).

Finding no error in the record, the judgment of the lower court is affirmed.          AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE MCCAMANT concur.