No. 23,118.

THE GREAT AMERICAN LIFE INSURANCE COMPANY, *Appellee*, v. JOHN M. HOWRY et al. (HUGHY HOLT and W. H. TEETERS, *Appellants*).

### SYLLABUS BY THE COURT.

PARTNERSHIP — *Life Insurance Business* — *Existence of Partnership Established by the Evidence.* On the facts stated in the opinion, it is held there was sufficient evidence to sustain a finding that the appellants were partners with an insurance agent of the appellee under an oral arrangement by which they were to introduce him to prospects and he was to handle the business, one of the appellants taking the notes given for the first premiums and remitting the net amounts due to the company when the notes were collected, the profits being divided between the partners, although there was no specific agreement as to losses.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed April 9, 1921. Affirmed.

*C. S. Crawford,* and *E. S. Crawford,* both of Abilene, for the appellants.

*A. C. Malloy, R. C. Davis,* and *W. H. White,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Claiming that the appellants, together with John M. Howry, were partners in soliciting and writing life insurance and that the copartnership was indebted to the plaintiff for advances, plaintiff sued and recovered judgment, from which Holt and Teeters have appealed.

The questions involved depend upon facts about which there was conflicting evidence and which the trial court found against the appellants. Defendants admitted in their answer that a contract of copartnership was made between themselves and John M. Howry on January 30, 1919, and that for some time following that date the partnership wrote policies of insurance in the plaintiff company, but denied that any partnership existed prior to that date. Howry, who is an experienced insurance solicitor, went to Abilene about January 1, 1919, and he entered into an oral arrangement with the appellants, who were engaged in the real-estate and loan business, by which they were to introduce him to likely prospects for insurance, and he was to handle the business. Usually a note was given for the first premium and these were turned over to Holt, who held them, remitting the net amounts due to the company. The agreement was that Howry should have half the commissions or profit and the appellants the other half. They insist that this was not sufficient to show a partnership because there was no agreement as to losses, but obviously any notes that were not paid would merely be deducted from the gross profits prior to a division, and upon the same basis that profits would be divided the losses would be shared.

Howry contributed his experience and ability as an insurance salesman in handling the prospects and the appellants furnished an office and a car and contributed their acquaintance and standing in the community. Holt, one of the appel-

lants, by handling the notes took charge of financing the business. The absence of a specific agreement about losses that might be sustained would not of itself prevent the arrangement by which the business was carried on from constituting a partnership enterprise.

It is contended, however, that, at most, it was a nontrading partnership, and that the appellants are not liable for advances to Howry; but the appellee's evidence tended to show that these advances were used in the furthering of the mutual enterprise and that the liability for the advancements arose in the regular course of business. It has been held that where two men were partners in the running of a threshing machine and the partnership was merely one of employment or occupation, if there was an intention to divide the profits and losses, each was liable for indebtedness incurred in carrying on the business. (*Horn v. Newton City Bank,* 32 Kan. 518, 522, 4 Pac. 1022.) It has been held that a partnership may exist for a single transaction. (*Jones v. Davies,* 60 Kan. 309, 56 Pac. 484.)

On January 30, a written contract of partnership was entered into between the parties and the only change between the oral contract and the written one was that by the latter Howry became entitled to a one-third interest in the real-estate business and his share of the insurance business was reduced to a one-third interest so that all three partners shared equally in the profits and losses.

The secretary of the company testified that he talked with Holt over the telephone with reference to the advances which were being made to Howry, and that Mr. Holt stated that he thought it would be all right. The president of the insurance company testified that after the telephone conversation, in order to be satisfied about the matter, he had Mr. Holt come to Hutchinson, and that they went over the matter of these advances to Howry; that Holt assured him that the appellants were handling the premiums for the Abilene agency and would guarantee all advances as long as the company kept them within the commissions earned by Howry. This was denied by the appellants, but the disputed question of fact has been found in favor of the plaintiff.

There is no merit, we think, in the contention that appellee, having sued on the theory of a partnership prior to the written

agreement, cannot be permitted to rely upon evidence in the nature of an estoppel arising from statements and admissions made by the defendants prior to January 30. But we think these admissions were proper for the purpose of showing how the business was conducted under the oral agreement between the appellants and Howry.

We find no error in the record, and the judgment is affirmed.