No. 37,176

HAROLD F. BROWN, S. H. MARCUS and JOHN D. GUTHRIDGE, *Appellees*, v. CHARLES E. DYE, SR., as Administrator of the Estate of E. M. Dye, Deceased, and L. G. DYE, *Appellants*.

(195 P. 2d 607)

Opinion filed July 10, 1948.

*A. D. Weiskirch,* of Wichita, argued the cause, and *Eli Eubanks, George B. Collins,* and *C. L. Williams,* all of Wichita, were with him on the briefs for the appellants.

*Emmet A. Blaes,* of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent, Roetzel Jochems, Robert G. Braden,* and *S. C. Durbin,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

COWAN, J.: Harold F. Brown, S. H. Marcus and John D. Guthridge, plaintiffs below, owned a herd of cattle. In the month of

April, 1943, L. G. Dye and E. M. Dye, brothers, agreed to purchase certain of these cattle for $11,750. The cattle were delivered about April 24, 1943. At the time of delivery L. G. Dye gave a check for the purchase price to Excel Packing Company (which was the name under which plaintiffs operated as copartners) but at the time informed the plaintiffs the check was no good, that the brothers had obtained a government loan on the cattle but the papers had been sent to Kansas City and the government check had not yet reached them. Plaintiff Guthridge, who represented plaintiffs in the transaction, informed the two brothers he would hold the check for three or four days until the brothers got their government check from Kansas City. The check never arrived. The brothers made various attempts to raise the money through other sources but were unable to do so. Eventually an arrangement was made between plaintiff Marcus and E. M. Dye under which Guthridge was to manage the disposal of the cattle. The profits from the sale of the cattle were to be divided half and half between plaintiffs and defendants but any losses from the sale were to be paid by the defendants. Defendant L. G. Dye was not present when this new arrangement was made. There were no profits. The losses amounted to $4,752.45.

Suit was filed against the two brothers, E. M. Dye and L. G. Dye, in the latter part of 1943. Before the case came to trial E. M. Dye died and Charles E. Dye, Sr., as administrator of the decedent's estate was substituted as defendant. Suit was instituted solely on the subsequent oral agreement between E. M. Dye (deceased) and S. H. Marcus. Recovery was had against both defendants by the plaintiffs in the sum of $5,864.47. The defendants filed demurrers to plaintiffs' evidence, filed motions for directed verdict in their favor at the close of all the evidence, and a motion for a new trial. Upon these being overruled, they appealed to this court.

During the trial the plaintiff Guthridge was permitted to testify over objection by defendants to conversations and transactions as to preliminary negotiations between E. M. Dye (now deceased) and Guthridge in the presence of L. G. Dye. The defendants complain of the admission of such testimony on the ground of communications with a deceased person and also complain of the failure of the court to instruct the jury limiting the effect of such evidence to L. G. Dye. No instruction was requested by the defendants so to limit such testimony. The suit here was upon the subsequent

oral agreement between S. H. Marcus and E. M. Dye, which oral contract was established by the evidence of Ernie Bloss, who was neither plaintiff nor defendant. In this situation, the conversations, of which the defendants complain as to the preliminary negotiations had with E. M. Dye in the presence of L. G. Dye, were immaterial and admission of such evidence, even if it was error, was not prejudicial.

The jury, by its answers to special questions, determined that the parties to the subsequent oral agreement were E. M. Dye and S. H. Marcus. The evidence discloses that L. G. Dye was not present and did not participate in the making of the oral contract. Unless the relationship between E. M. Dye and L. G. Dye was such at the time of the making of the contract that E. M. Dye had authority to bind L. G. Dye by a new contract, then L. G. Dye is not bound by such subsequent oral agreement. Appellees' abstract contains a certificate that there was no evidence of partnership between E. M. Dye and L. G. Dye. The plaintiffs admit there was no such evidence and insist that they made no such claim in the pleadings or in the evidence. If the two brothers had been partners, a different situation would have arisen but there is no evidence to establish a partnership. Likewise, there is no proof of joint adventure, which is essentially a relationship of partnership (*Flitch v. Boyle,* 147 Kan. 600, 78 P. 2d 9.) In a partnership, as well as in a joint adventure, one partner is a general agent for the other partner provided he acts within the scope of the partnership business. This is not true of joint owners or of mere joint contractors. The evidence here does not disclose any relation between E. M. Dye and L. G. Dye other than of joint owners or joint contractors. (48 C. J. S. 806.) Plaintiffs, however, contend that by the new agreement, L. G. Dye was relieved of liability on the check and, therefore, received a benefit which made him liable on the subsequent oral agreement. He was not relieved of such liability except by novation and there could be no novation unless he consented thereto. There is no proof of his consent to or acquiescence in the new agreement. Perhaps he could have been sued upon the check but the plaintiffs have expressly limited this suit to the subsequent oral agreement and have expressly declared that this suit is not upon the check signed by L. G. Dye. Under this state of facts, L. G. Dye was not liable upon the subsequent oral agreement and

his demurrer to plaintiffs' evidence and his motion for directed verdict should have been sustained.

The cause is affirmed as to Charles E. Dye, administrator of the estate of E. M. Dye, deceased, and reversed as to L. G. Dye, with directions to enter judgment in his favor.