No. 38,971

THE PLAINS STATE BANK, a Corporation, *Appellant,* v. V. M. ELLIS, *Appellee.*

(258 P. 2d 313)

Opinion filed June 6, 1953.

*James A. Williams,* of Dodge City, argued the cause, and *C. W. Hughes,* and *Byron G. Larson,* both of Dodge City, were with him on the briefs for the appellant.

*Chas. Vance,* of Liberal, argued the cause, and *H. Hobble, Jr.,* and *Chester A. Nordling,* both of Liberal, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: In the opening paragraph of its brief the plaintiff denominates this case as an action brought by the Plains State Bank of Plains, Kansas, against V. M. Ellis upon two promissory notes, neither of which was signed by the latter, the first of the two notes being signed by Lee Roy Kerr and Estelle Kerr and the second by Lee Roy Kerr alone. After a trial by the court judgment was rendered against the plaintiff. The cause is here on an appeal by the Bank from the order, judgment and decision of the trial court overruling its motion for a new trial.

Plaintiff's petition contains two causes of action. In substance the allegations of the first cause of action are to the effect that on June 14, 1947, Lee Roy Kerr and V. M. Ellis entered into a written

agreement for farming and stock raising, a copy of which is attached to such pleading, whereby such parties intended to and did form a partnership or joint adventure for the farming of 1,440 acres of farm land owned by Ellis and the pasturing of cattle thereon; that in pursuance of the agreement Ellis furnished the farm land and machinery and Kerr the labor, gas, oil and grease in carrying on the operations contemplated by the terms of the contract; that on July 15, 1948, Kerr and his wife, Estelle Kerr, executed and delivered to plaintiff their certain promissory note in a named amount with interest until paid, a copy of which is also attached to the petition; that the consideration furnished by plaintiff to Lee Roy Kerr upon such note was used and spent by him in paying expense of labor, repairs, gas, oil, grease, wheat insurance, and other expenses and debts of the alleged partnership in the farming and operations of such lands under the written agreement; that the Kerrs have never paid the note, or any part thereof, although both principal and interest have long been due and payable; and that Lee Roy Kerr, Estelle Kerr, and defendant V. M. Ellis, are indebted to plaintiff *upon said promissory note* and the debt evidenced thereby for the total amount of the principal and interest due thereon for which plaintiff is entitled to judgment against the defendant Ellis.

Allegations of the second cause of action are substantially the same except they allege the note therein involved, which is likewise attached to and made a part of the petition, is for a different amount and signed only by Lee Roy Kerr.

For purposes essential to a disposition of the case it may be said the answer of defendant Ellis contains a general denial; admits the corporate existence of the plaintiff, the execution of the agreement and allegations respecting what was to be furnished by Ellis and Kerr under the terms of the contract; and includes further allegations charging that the agreement referred to in the petition constituted only a lease of real estate whereby the landlord agreed to provide machinery as well as land and the tenant agreed to pay a stated proportion of the crops raised on the premises covered by the terms of the lease as rent.

Plaintiff's reply to the answer denies all allegations of new matter therein contained.

With issues joined as heretofore related the cause came on for trial by the court. Nothing would be gained, as will be presently disclosed, by a detailed reference to the evidence there presented.

It suffices to say that after the parties had stipulated as to certain facts at a pretrial conference plaintiff adduced its evidence and rested its cause; that defendant then demurred to such evidence on the ground it failed to prove or tend to prove any cause of action against him, which demurrer was overruled; that thereupon defendant announced it would adduce no evidence and rested its case; and that subsequently, after making certain written findings of fact and conclusions of law, the court rendered judgment decreeing that plaintiff take nothing by reason of its petition and that the costs of the action be taxed against it. Upon rendition of the foregoing decision plaintiff filed a motion for a new trial which was overruled. It then perfected its appeal from such ruling and now contends the judgment of the trial court should either be reversed and judgment rendered in its favor for the sum total of the notes sued on or that it should be granted a new trial.

The opening paragraph of this opinion indicates the theory on which appellant brought the action. Further examination of its brief reveals similar statements and the express admission the case was tried by the trial court "solely upon the Bank's causes of action upon the notes." Indeed, examination of the petition requires a like conclusion even if those admissions had not been made. In view of such concessions, as well as our conclusion respecting the force and effect to be given the allegations of the petition in which it is to be remembered the promissory notes were incorporated by reference, we are convinced the short and simple answer to appellant's over-all contention the trial court erred in rendering judgment against it is to be found in the negotiable instruments law of this state which, it is to be noted, was adopted by our legislature, with some slight changes not here material, to conform with provisions of the uniform negotiable instruments act as recommended by the National Conference of Commissioners on Uniform State Laws.

G. S. 1949, 52-218, provides:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided; but one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name."

This court, although the case came here on a demurrer to the pleadings and did not go to judgment as in the case at bar, has had occasion to construe the foregoing section of our statute. In *Federal Deposit Ins. Corp. v. Cloonan,* 165 Kan. 440, 196 P. 2d 195, we held:

"Under the negotiable instruments law of this state (G. S. 1935, 52-218) no person is liable on a promissory note whose signature does not appear thereon unless liability is expressly imposed by other provisions of such law.

"The amended petitions in three actions involving liability on as many promissory notes examined, and it is held, the trial court did not err in holding that such pleadings failed to state a cause of action against a defendant whose signature did not appear upon the instrument sued on." (Syl. ¶¶ 1, 2.)

The fact the foregoing case was decided on questions pertaining to sufficiency of the pleadings does not detract from its value as a precedent in disposing of the instant case. The proposition that a party must prove, as well as allege, facts sufficient to establish a cause of action in order to be entitled to a judgment is so well established that it requires no citation of the authorities supporting it.

Under the confronting facts and circumstances we think the judgment against appellant in the instant case might well be affirmed on authority of *Federal Deposit Ins. Corp. v. Cloonan,* supra. But our decision need not be predicated on that premise entirely. The rule that a suit may not be maintained nor a judgment obtained on a promissory note against an undisclosed principal whose signature does not appear thereon unless the note is signed by use of his trade, partnership or other assumed name in jurisdictions having a statute such as ours in force and effect is recognized by all well established textbooks and legal treatises where the subject is discussed and considered. See 3 C. J. S., Agency, 175, § 247; 10 C. J. S., Bills & Notes, 454, § 34; 68 C. J. S., Partnership, 608, § 161; 2 Am. Jur., Agency, 312, § 397; 7 Am. Jur., Bills & Notes, 903, § 199; 8 Am. Jur., Bills & Notes, 215, 220, §§ 468, 473; Lindley on Partnership (11th Ed.), Bk. II, Ch. 1, Sec. 5(3), Bills & Notes, 253; Story on Partnership (7th Ed.), 247, § 142; 2 Mechem on Agency (2d Ed.), 1319, § 1736; Restatement of the Law, Agency, 382, § 152; Beutel's Brannan Negotiable Instruments Law (7th Ed.), 402 to 406, Incl., § 18; Britton on Bills & Notes, 802, § 167; 5 Uniform Laws Anno. (part 1) Negotiable Instruments, 203, § 18; 1 Daniel on Negotiable Instruments (7th Ed.), 404, 407, 470, §§ 334, 336, 405.

It would be next to impossible to here list the myriad cases from foreign jurisdictions, supporting the all decisive principle to which we have heretofore referred. Many are cited in the foregoing textbooks and legal treatises and numerous others in West's American Digest System, Bills & Notes, § 59. For just a few dealing with the

general subject see *Congregation of St. Augustine R. C. Ch. v. Met. Bank* (Ohio) 32 N. E. 2d 518; *Frazey v. Casey*, 96 Wash. 422, 165 Pac. 104; *Spokane Sec. Fin. Co. v. Anderson Co., Inc.*, 177 Wash. 554, 33 P. 2d 102, affirmed on rehearing in 180 Wash. 691, 39 P. 2d 606; *Bolan v. Wrather* (Tex. Civ. App.) 239 S. W. 279; *Sheehan v. Hudman* (Tex. Civ. App.) 49 S. W. 2d 953; *Spencer v. Presbyterian Board of Min. Relief, Etc.* (Tex. Civ. App.) 36 S. W. 2d 606. For others, closer in point from the standpoint of facts involved, see *First State Bank of Riesel v. Dyer* (Tex. Civ. App.) 248 S. W. 2d 785; *Nielson v. Crossett*, 3 Wash. (2d) 537, 101 P. 2d 351; *Lady v. Thomas*, 38 Cal. App. (2d) 688, 102 P. 2d 396; *Pratt v. Hopper*, 12 Cal. App. (2d) 291, 55 P. 2d 517; *Sarah Falk v. L. Salario, et al.*, 108 Fla. 135, 146 So. 193; *Marks v. Kindel*, 41 Fed. 2d 584.

Appellant makes no claim that the notes sued on come within any of the exceptions referred to in the heretofore quoted section of the statute and cites no decision of this court since its enactment that even purports to hold there can be recovery on a note against a party who is not one of the signatories thereto. Obviously sensing the weakness of its position it argues that even though an undisclosed principal may not be held liable on a promissory note which he has not signed he may, however, be subject to quasi-contractual or other liability where he has received the benefits of the consideration or contract. Admitting *arguendo* there is such a rule and without dissertation on its ramifications the trouble from appellant's standpoint is that it has no application where—as here—it is clear from the petition and admissions of record that a litigant is seeking to establish liability on promissory notes against a third person who has not signed the instruments sued on. In order to maintain such an action the party seeking to establish liability on the part of the undisclosed principal must reject the note and recover on the original consideration for the contract (3 C. J. S., Agency, 175, § 248). That, as we have seen, is not this case.

Neither is it the rule, as appellant insists, that a partnership is liable on paper executed in the name of a partner merely because the consideration of the note was applied to partnership purposes (68 C. J. S., Partnership, 608, § 161 [c] [4]). To so hold would emasculate and render meaningless the express provisions of G. S. 1949, 52-218.

Nor does the fact the trial court reached out in this case and, as

evidenced by its findings, rendered judgment against appellant on a theory not warranted by the record (*i. e.,* that the agreement between Kerr and Ellis constituted a farm lease and that "at the time the loan was made the bank was not misled by the defendant Ellis, and was not looking to the defendant Ellis at that time for the payment *of the notes sued on herein*" [emphasis supplied] ), when that tribunal was required to render judgment against it under the confronting facts and circumstances because the provision of 52-218, *supra,* prohibited it from maintaining an action on the notes sued on require or permit this court to inquire into the merits of the reasons given for the rendition of such judgment. Our duty is to ascertain whether the record sustains the judgment and if so affirm it. That we may add, under our repeated decisions ( see West's Kansas Digest, Appeal & Error, § 854 [2]; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 433), is our obligation even though in rendering it the trial court gave a wrong reason for a correct result.

In reaching the conclusions heretofore indicated we have not failed to read and give consideration to the divers decisions cited by appellant as supporting its position the judgment should be reversed. Some of these decisions were decided prior to the enactment of the decisive section of our negotiable instruments code and are not in point. The others will be referred to briefly. *Bank v. Schuetz,* 103 Kan. 229, 173 Pac. 278, was a case where the plaintiff bank brought suit on a note signed by the defendant and sought to garnishee funds on deposit in another bank and credited to the defendant's personal account. The defendant's father intervened, claiming he was the son's partner and that the money on deposit was in part the proceeds of cattle he had personally furnished the partnership and for which he had not been repaid. We held that as against the bank, which was an individual creditor of the son, the law gave the father a prior lien for the money advanced to enhance the assets of the partnership. *State Bank v. Girardy,* 117 Kan. 585, 232 Pac. 1076, was an action against a partner for the possession of cattle under the terms of a mortgage executed by a conceded partner of the defendant on cattle owned by the latter but then in the possession of the mortgagor on the theory the owner had given the mortgagor authority to borrow money on the credit of the property. *Lawson v. Lawrence Oil and Gas Co.,* 135 Kan. 740, 12 P. 2d 711, was a suit on two notes, executed by one partner in the name of the partnership, and was tried as an action for an account-

ing and final settlement of the partnership affairs, the defendant's liability on the notes being determined as a result of the accounting between the partners. *Shoemake v. Davis*, 146 Kan. 909, 73 P. 2d 1043, was an action to enforce an oral contract concerning the acquisition of an oil and gas lease. *Davidson v. Shaffer*, 153 Kan. 661, 113 P. 2d 90, was an action between two partners to dissolve an existing partnership and appoint a receiver to wind up its affairs. *Koch v. Murphy*, 151 Kan. 988, 101 P. 2d 878, was a suit to recover damages for personal injuries from a landlord and her tenant on the theory of an alleged partnership. It will be noted that none of the foregoing cases involve liability of a party whose name does not appear on a promissory note. They are therefore clearly distinguishable and entitled to no weight as precedents in the case at bar. The same holds true of *Life Insurance Co. v. Howry*, 108 Kan. 807, 196 Pac. 1103, the final case on which appellant relies and, we may add, erroneously contends discloses a situation identical with the one involved in the instant case. That action was brought to recover advances alleged to have been made to a partnership and does not even purport to concern liability of the maker of a promissory note let alone a person whose name does not appear thereon.

Based on what has been heretofore stated and held the judgment must be and it is hereby affirmed.