No. 42,466

Wenzel Machinery Rental and Sales Company, Inc., *Appellant*, v. Temple Adkins, a/k/a Temple Adkins, Jr.; Temple Adkins, II, T. H. Adkins; Temple Atkins; Temple Atkins, Jr.; Temple Atkins, II; T. H. Atkins, and Ernie Rieke, *Appellees*.

(370 P. 2d 141)

Opinion filed April 7, 1962.

*Robert T. Cornwell*, of Wichita, argued the cause, and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Willard B. Thompson*, and *David W. Buxton*, all of Wichita, were with him on the briefs, and *Homer V. Gooing* and *Hugo T. Wedell*, both of Wichita, of counsel.

*Elvin D. Perkins*, of Emporia, argued the cause, and *Everett D. Steerman*, of Emporia, was with him on the briefs for the appellee Adkins.

*James D. Howell, James D. Howell, Jr., William E. Scott, Francis J. Donnelly*, and *LaVone A. Daily*, all of Kansas City, were on the briefs for appellee Rieke.

The opinion of the court was delivered by

Parker, C. J.: This was an action to recover money on a promissory note.

Plaintiff, Wenzel Machinery Rental and Sales Company, Inc. commenced the action on January 19, 1960, by filing a petition in

the district court of Chase County, naming Temple Adkins, a/k/a Temple Adkins, Jr.; Temple Adkins, II; T. H. Adkins; Temple Atkins; Temple Atkins, Jr.; Temple Atkins, II; T. H. Atkins, a resident of such county, as the sole defendant. By an amendment to the petition, dated February 3, 1960, Ernie Rieke was added as defendant and, pursuant to G. S. 1949, 60-2502, summons was served on him in Wyandotte County. Rieke filed a motion to quash this service which was sustained. Thereafter, and on March 8, 1960, a praecipe for an alias summons on such defendant was filed and residential service was obtained on him on March 18, 1960, in Wyandotte County. A subsequent motion to quash this service of summons was overruled. Later, and on May 24, 1960, plaintiff filed an amended petition.

For reasons to be presently noted it is neither necessary nor required that we burden this opinion by detailing the allegations of the foregoing pleadings. It suffices to say the note sued on, which was attached to and made a part of the initial petition, as well as the amended petition on May 24, 1960, reads as follows:

"$17,926.72 City—Kansas City, Kans.—Kansas—Date February 20th, 1954.

"FOR VALUE RECEIVED, I promise to pay to Wenzel Machinery Rental & Sales Co. or order the sum of Seventeen thousand nine hundred twenty-six and 72/100—DOLLARS at Kansas City, Kans.—City—State—Kansas—in installments payable as follows, to-wit: One thousand four hundred and ninety-three & 90/00 Dollars on the 20th day of March, 1954, and $1,493.90 Dollars on the 20th day of each succeeding month thereafter, until above named sum is paid in full with interest on each installment from its maturity until paid, at the rate of eight per cent per annum; and agree to pay reasonable collection charges and attorneys fees and all expenses in case of default.

"If default is made in the payment of any installment when due, then all the remaining installments shall, at the election of the holder hereof, become due and payable at once. All signers, endorsers and parties to this instrument hereby waive presentment, protest and notice of nonpayment. This note is secured by a chattel mortgage on Lima Diesel # 802 Dragline ser. # 1028 1½ K. W. Kobler Light Plant.

"S/Ernie Rieke Equipt. Co.
"S/Ernie Rieke."

Following the filing of the last mentioned pleading Rieke's motion to dismiss the action and Adkins' demurrer to the petition were sustained. Thereupon plaintiff perfected appeals from both rulings and brings the case to this court under a single specification of error charging that the trial court erred in sustaining defendant Rieke's motion to dismiss and defendant Adkins' demurrer because the

petition and amended petition alleged joint and several liability against both defendants, as members of a joint venture, on a promissory note executed by said joint venture.

This is one appeal where, by their unqualified admissions, the parties agree that their appellate rights must stand or fall upon this court's decision of one question. This is fully demonstrated by statements appearing in the briefs of the respective parties to which we shall now direct attention.

In its brief, with respect to the nature of the action, appellant states,

"This is an action by the payee (appellant) on a promissory note executed by a joint venture as maker against two (2) of the joint venturers to recover the unpaid balance of the note. The trial court sustained a motion to dismiss as to the nonresident defendant (appellee Rieke) and a demurrer as to the other defendant (appellee Adkins). Both rulings have been appealed."

and then, at page 13 of such brief, states the question involved is:

"When a negotiable promissory note is executed in the name of a joint venture as maker by one of the joint venturers is another member of the joint venture jointly and severally liable on the note although his individual signature does not appear on the note?"

Appellees, in their joint brief, make the following statement:

"Appellees agree that the only matter to be determined by this appeal is adequately stated in the 'Question Involved' portion of appellant's brief, on page 13, since appellant has conceded that all theories of recovery, except an alleged action on a note, were barred by various and sundry statutes of limitation. Briefly stated then, if appellant failed to state a cause of action against appellee Adkins, then the rulings of the District Court were correct, both as to appellee Adkins and as to appellee Rieke."

The record presented, and admissions made by the parties in connection with proceedings had in the court below, make it appear that, assuming all other allegations of the petition as amended were sufficient to disclose a joint adventure, the trial court's rulings, sustaining Rieke's motion to dismiss and Adkins' demurrer, were based wholly upon the ground such pleading nevertheless failed to state a cause of action against Adkins for the reason no cause of action was or could be stated against him on the note because his signature did not appear thereon.

Thus, mindful of the established rule that joint adventures and partnerships are so similar in nature that they are governed by the same rules of law (See *Brown v. Dye*, 165 Kan. 507, 509, 195 P. 2d 607; *Grannell v. Wakefield*, 172 Kan. 685, 242 P. 2d 1075; 30 Am.

Jur., Joint Adventures, § 4, p. 940; 48 C. J. S., Joint Adventures, §§ 1[6], 13, 15 pp. 806, 807, 865, 871) we come to the sole question involved in this lawsuit.

Are the provisions of G. S. 1949, 52-218, a part of our negotiable-instrument law, which read:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided; but one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name."

to be construed as precluding the stating of a cause of action on a promissory note against one joint adventurer, whose individual signature does not appear on the note, when such note has been executed by one of the joint adventurers in the name of the joint adventure?

Directing our attention to the fact that in sustaining Rieke's motion to dismiss because the petition as amended failed to state a cause of action against Adkins, the trial court based that ruling squarely on *Plains State Bank v. Ellis,* 174 Kan. 653, 258 P. 2d 313, appellees strenuously contend that case, as well as *Federal Deposit Ins. Corp. v. Cloonan,* 165 Kan. 440, 196 P. 2d 195, require an affirmative answer to the question just posed. We do not agree.

In the first place both cases are factually distinguishable from the case at bar in that in *Plains State Bank v. Ellis,* supra, recovery was denied against a non-signing partner on a note that was signed by a partner in his individual name only, not in the partnership name; while in *Federal Deposit Ins. Corp. v. Cloonan,* supra, (disposing of three consolidated appeals) rulings sustaining three separate demurrers to three amended petitions were affirmed on the basis an individual (Cloonan), whose name did not appear on the notes sued on, could not be held liable on notes signed by three separate persons solely in their individual capacities, even though the petitions alleged such notes evidenced the indebtedness of Cloonan for money he had received from the payee bank from which Federal Deposit Insurance Corporation had acquired the instruments.

In the next place, conceding that the first paragraph of the syllabus in each of the last mentioned cases holds that by reason of G. S. 1949, 52-218, no person is liable on a promissory note whose signature does not appear thereon unless liability is imposed by other provisions of such law, it must be remembered that by legis-

lative fiat (see G. S. 1949, 60-3329 and G. S. 1949, 20-203) a syllabus is confined to points of law arising from the facts of the case that have been determined by the court and is in no sense to be construed as reaching out and deciding a question of law which is not fortified by the factual situation presented by the record in the case.

Moreover, it is to be noted that in *Plains State Bank v. Ellis,* supra, we recognized that, notwithstanding the provisions of 52-218, supra, a suit may be maintained on a promissory note against an undisclosed principal under conditions and circumstances similar to those involved in the instant appeal when, at page 656 of the opinion, we said:

". . . The rule that a suit may not be maintained nor a judgment obtained on a promissory note against an undisclosed principal whose signature does not appear thereon *unless the note is signed by use of his trade, partnership or other assumed name* in jurisdictions having a statute such as ours in force and effect is recognized by all well established textbooks and legal treatises where the subject is discussed and considered . . ." (Emphasis supplied.)

Not to be out done appellant cites *John Deere Plow Co. v. Klaurens,* 153 Kan. 151, 152, 109 P. 2d 98, and in its brief, as well as its oral argument, insists that the factual situation in that case is so similar that if the case is adhered to it must be considered as a precedent compelling a conclusion the trial court erred in its rulings. The case is identical from the standpoint of the general type of signature appearing on four notes in question but there similarity ends. The trouble from appellees' standpoint is that resort to the abstracts and briefs of the parties on file in the State Library, as well as this court's opinion, discloses questions relating to application of 52-218, *supra,* were never raised or discussed, either in the court below or in this court on appeal. It appears that under those circumstances this court determined the appeal on the basis of the issues involved below, winding up by affirming the lower court's judgment allowing recovery on the notes on the basis of a prior contract between the parties which created an estoppel. In any event, a careful review of the record makes it clearly appear appellant's claim *John Deere Plow Co. v. Klaurens,* supra, is to be here regarded as a controlling precedent lacks merit and cannot be upheld.

Indeed we are cited to and our extended research discloses no Kansas decisions controlling the question now under consideration.

Therefore we turn to other authorities which deal with the subject. . The question now before us—as heretofore stated—was squarely raised and answered in the negative in *Frazier v. Cottrell*, 82 Or. 614, 162 Pac. 834. In that case, which we believe should be regarded as a precedent controlling its answer in the case at bar, with pertinent statutes identical and similar confronting facts and circumstances the Oregon Supreme Court held:

"Under Section 5851, L. O. L. [our statute G. S. 1949, 52-218], making one who signs a note in a trade or assumed name liable as if he signed his own name, and Section 6023 [our statute G. S. 1949, 52-102], defining 'person' to include a body of persons, whether incorporated or not, and in view of the fact that a partnership may adopt any name it chooses as its firm name, and that each partner is the agent of the firm and may sign its name to any paper given for partnership business, a note signed, 'The Oregon Locators, by F. L. G., member of the firm authorized to sign the firm name,' renders the firm and the other member liable." (Syl. ¶ 1.)

And in the opinion said:

"1. But one contention is made upon this appeal, namely, that the note does not show any liability against the defendant Cottrell under Section 5851, L. O. L. [our statute G. S. 1949, 52-218], which reads:

" 'No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided; but one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name.'

"It seems to us that the note comes within the last provision of this section that 'one who signs in a trade or assumed name will be liable.' It is also averred in the complaint and was found by the trial court that the defendants adopted as a firm name 'The Oregon Locators.' It is a well-recognized principle of law that a partnership may adopt any name it chooses as its firm name: 30 Cyc. 419. It is also well settled that each partner is the agent of the firm for the transaction of its business, and may sign the firm name to any paper given for the purposes of the partnership business: *Baker v. Seaweard*, 68 Or. 80, 85 (136 Pac. 870); *Morgan's Estate*, 46 Or. 233, 237 (77 Pac. 608, 78 Pac. 1029). Section 5852, L. O. L. [our statute G. S. 1949, 52-219], declares that 'the signature of any party may be made by a duly authorized agent.' The signature of the firm name 'The Oregon Locators' to the note is in law the signature of all the members of the firm thereto: 30 Cyc. 419, 420; 22 Am. & Eng. Enc. Law (2 ed.), 166. Section 6023, L. O. L. [our statute, G. S. 1949, 52-102], defining words used in the negotiable instruments law, states that 'person' includes a body of persons, whether incorporated or not. These sections of Lord's Oregon Laws, being a part of our negotiable instruments law, are sufficiently definite to govern the question raised in this case. L. R. Cottrell being a member of the firm, his adopted name does appear on the note as found by the trial court." (pp. 615 and 616.)

For other decisions of like import, supporting the principles of

law announced in *Frazier v. Cottrell,* supra, and our conclusion as to its status as a controlling precedent, where similar questions were raised with respect to the force and effect to be given a statute containing the same language as 52-218, *supra,* see *Deichmann v. Aronoff* (Mo. Ct. of App.), 296 S. W. 2d 171, 178; *Barnett Bank v. Chiatovich,* 48 Nev. 319, 343, 232 Pac. 206; *Commerce Trust Co. v. McMechen* (Mo. Ct. of App.), 220 S. W. 1019, 1020.

See, also, *Lady v. Thomas,* 38 Cal. App. (2d) 688, 689, 102 P. 2d 396; *First State Bank of Riesel v. Dyer* (Tex. Civ. App.), 248 S. W. 2d 785, 788, where the principles of law adhered to in the foregoing cases are expressly recognized and approved.

For a well-recognized legal treatise see Britton on Bills & Notes (2 ed.) § 168, pp. 499, 500, which reads:

"A person whose name does not appear upon the instrument may be held liable thereon if he, or his duly authorized agent, has signed thereto a trade name under which such person engages in business. The rule applies to partnerships as well as to individuals. Such cases do not constitute an exception to the rule which forbids an action on a negotiable instrument against one whose name does not appear thereon, but rather it is an instance in which the defendant's business name serves the same purpose that would be served by the use of his given and surname."

For other well-established legal treatises containing general statements supporting the legal principles announced and adhered to in the foregoing decisions—and our own conclusion that the provisions of G. S. 1949, 52-218, are not to be construed as precluding the stating of a cause of action on a promissory note against one joint adventurer, whose individual signature does not appear on the note, when such note has been executed by one of the joint adventurers in the name of the joint adventure—see 7 Am. Jur., Bills & Notes, § 200, p. 903; 10 C. J. S., Bills & Notes, § 34[b], p. 455.

Other decisions dealing with the same general subject are cited in *Plains State Bank v. Ellis,* supra, at page 657.

The foregoing authorities, and what has been heretofore stated and held, compel a conclusion the trial court erred in holding the allegations contained in the petition as amended were not sufficient to constitute a cause of action in favor of the plaintiff and against the defendant Adkins on the note sued on. It follows that its rulings sustaining defendant Rieke's motion to dismiss and defendant Adkins' demurrer, each of which was based on the premise the amendment to the petition failed to state a cause of action against Adkins,

were likewise erroneous and cannot be upheld. Therefore such rulings must be reversed and the cause remanded to the district court with directions to set them aside.

It is so ordered.