No. 47,894

Neighbors Construction Company, Inc., *Appellee,* v. J. R. Seal-Wells Construction Company, Inc., *Appellee,* and Valley View Apartments, Inc., *Appellee,* and United States Fidelity and Guaranty Company, *Appellant.*

(548 P. 2d 491)

Opinion filed April 10, 1976.

*Robert A. Babcock,* of Margolin and Kirwan, of Kansas City, Missouri, argued the cause, and *John C. Whitaker,* of Williamson, Cubbison, Hardy & Hunter, of Kansas City, Kansas, was with him on the brief for the appellant.

*Philip C. Lorton,* of Kansas City, Kansas, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: Suit was initiated in the district court of Wyandotte County, Kansas, by plaintiff Neighbors Construction Company, Inc. (Neighbors), seeking recovery from J. R. Seal-Wells Construction Company, Inc. (Seal-Wells), Valley View Apartments, Inc. (Valley View), and United States Fidelity and Guaranty Company (U. S. Fidelity), for money due and owing on a purchase order contract entered into between Neighbors and Seal-Wells. U. S. Fidelity appeals from the trial court's judgment in favor of plaintiff Neighbors.

On August 4, 1968, Valley View, as owner of certain property in the Garfield Urban Renewal Area in Jackson County, Missouri, entered into a construction contract with "Seal and Valley View, a joint venture," for the construction of a rental housing project designated as Valley View Apartments. The contract named Valley View as the "owner" and Seal and Valley View, a joint venture, as the "contractor." "Seal and Valley View, a joint venture," was formed by Seal-Wells and Valley View for the purpose of permitting a ten percent profit and risk factor to be included in the total cost of

Immediately after entering into the contract, the joint venture of Seal and Valley View made application for a performance and the apartment project.

payment bond with U. S. Fidelity. On August 8, 1968, U. S. Fidelity executed a "Contract Bond-Dual Obligee" bond form naming "J. R. Seal Construction Co., Inc. and Valley View Apartments, Inc. d/b/a Seal and Valley View, a Joint Venture," as the principal and U. S. Fidelity as the surety. Thereafter, the joint venture allegedly entered into a subcontract with Seal-Wells for construction of the apartment project, although there was no written evidence of such a contract. On September 9, 1968, Neighbors entered into a purchase order contract with Seal-Wells to furnish labor, material, supervision and equipment for the Valley View Apartment project. Under the terms of the purchase order contract, monthly estimates were to be submitted and payment of the final balance was to be made upon acceptance by the owner. The contract price was for $163,732, with ninety percent of the work to be paid for and ten percent of the contract price to be retained until acceptance by the owner. Later modifications of the contract price brought the total to $168,006.85. Neighbors commenced construction of its part of the apartment project and received monthly progress payments from Seal-Wells. Upon completion of performance of the contract, Neighbors made demand upon Seal-Wells for the "retainage" in the amount of $16,650.99. Seal-Wells refused to make payment as required and the present action resulted.

In Count I of its petition, Neighbors sought recovery from Seal-Wells for the monies due and owing on the purchase order contract. Count II was framed as an action for unjust enrichment against Valley View, as the owner of the apartment complex. The final count of the petition sought recovery from U. S. Fidelity under the performance bond.

After trial on the merits, judgment was entered in favor of Neighbors and against the three named defendants. The court specifically found that Seal-Wells was acting on behalf of the joint venture when it entered into the contract with Neighbors, and that Neighbors was a subcontractor. Following denial of motions for a new trial and a directed verdict, U. S. Fidelity appealed, claiming Neighbors was not entitled to recover under the terms of the performance bond.

The grounds relied on by U. S. Fidelity are essentially twofold: First, it contends there was no evidence to support the finding of the trial court that Seal-Wells was acting on behalf of the joint venture when it contracted with Neighbors for labor and materials. Second, U. S. Fidelity argues the trial court erred in finding Neigh-

bors entered into a direct contract with the principal named in the bond. Under the view taken by U. S. Fidelity, the principal named in the performance bond was the joint venture of Seal and Valley View and not the individual members of the joint venture. Acting in its capacity as a separate entity the joint venture, as general contractor, entered into a subcontract with Seal-Wells for construction of the project. Thereafter, U. S. Fidelity claims Seal-Wells, as subcontractor, entered into the contract with Neighbors in its separate corporate capacity and not on behalf of the joint venture. Since Neighbors contracted with Seal-Wells and not with the joint venture, U. S. Fidelity claims there was no "direct contract" with the principal as required under the terms of the bond.

In contrast, Neighbors contends the trial court was correct in its finding that Seal-Wells was acting on behalf of the joint venture since the contract it executed with Neighbors was for the direct benefit of the joint venture. Additionally, Neighbors feels the trial court was justified in ignoring the alleged subcontract between the joint venture and Seal-Wells. It argues Seal-Wells was named as a principal in the bond and that Neighbors had a direct contract with Seal-Wells.

The parties involved in the performance bond were identified as follows:

Principal: J. R. Seal Construction Co., Inc. and Valley View Apartments, Inc. d/b/a Seal and Valley View, a Joint Venture;

Surety: United States Fidelity and Guaranty Company, a Maryland corporation;

Owner-Obligee: Valley View Apartments, Inc.; and

Lender: Traders National Bank of Kansas City.

The bond, written for the sum of $702,881, referred to the construction contract and contained the following indemnifying clause:

"Now, THEREFORE, the condition of this obligation is such that, . . . if Principal shall pay all persons who have contracts directly with Principal for labor or materials furnished pursuant to the provisions of said Contract, failing which such persons shall have a direct right of action against Principal and Surety under this obligation, subject to Obligees' priority, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

Melvin E. Kleb, President of Valley View, testified that subsequent to the execution of the bond, Seal and Valley View, the joint venture, entered into a subcontract with Seal-Wells. It should be noted that in oral argument it was revealed the alleged contract between the joint venture and Seal-Wells was for the same amount

as stated in the original construction contract between the joint venture and Valley View.

Neither party has cited any authority which would be controlling on the issues created by the facts in this case. Resort to general principles applicable to agency, joint ventures and partnerships is necessary. A joint venture is defined in 46 Am. Jur. 2d, Joint Ventures, § 1, pp. 21, 22:

"A joint venture is an association of persons with intent, by way of contract, express or implied, to engage in and carry out a single business venture for joint profit, for which purpose they combine their efforts, property, money, skill, and knowledge, without creating a partnership or a corporation, pursuant to an agreement that there shall be a community of interest among them as to the purpose of the undertaking, and that each joint venturer shall stand in the relation of principal, as well as agent, as to each of the other coventures [sic], with an equal right of control of the means employed to carry out the common purpose of the venture. . . ."

The agency relationship between members of a joint venture is stated in 46 Am. Jur. 2d, Joint Ventures, § 57, p. 76:

"The liability of one engaged in a joint enterprise, for the acts of his associates, is founded on principles of agency. In accordance with the general rule that each member of a joint venture acts as both principal and agent of his coventurers as to those things done within the apparent scope of the venture and for its benefit, it is held that each of several joint venturers has power to bind the others and to subject them to liability to third persons in matters which are strictly within the scope of the joint enterprise. . . ."

In *Wenzel Machinery Rental & Sales Co. v. Adkins,* 189 Kan. 435, 370 P. 2d 141, we held joint ventures and partnerships are so similar in nature that they are governed by the same rules of law. Liability was imposed on a note against a joint adventurer whose signature did not appear on the note when the note was executed by another joint adventurer in the name of the joint venture.

The trial court found the contractor was "Seal and Valley View," a joint venture comprised of Valley View Apartments, Inc., and J. R. Seal Construction Company. The trial court also found that the contractor through the action of Thomas R. Seal, Secretary of the J. R. Seal Construction Company acting for the "joint venture" did enter into a subcontract with Neighbors. To reach this conclusion the court impliedly found there was no contract between the joint venture and Seal-Wells which would change the status of Seal-Wells to a subcontractor. The record does not disclose, and we cannot explain, the reasons for the creation of the joint venture other than the statement of the President of Valley View that it

was established to obtain a ten percent profit and risk factor to be included in the total cost. No evidence was introduced as to the terms of the agreement between the two members of the joint venture. No written construction contract between the joint venture and Seal-Wells appears in the record. It was revealed in oral argument that the cost of construction of $702,881 was the same in the joint venture Valley View contract as it was in the purported joint venture Seal-Wells contract. To say Seal-Wells was not the general contractor on this project would deny the obvious and reject the rule that the law looks to the substance of a transaction and not to its form.

We conclude the record disclosed substantial competent evidence to support the findings of the trial court and the judgment should be affirmed.