In re John Kenneth GLASSLEY, and Colleen Faye Glassley, Debtors.

Henry W. GREEN, Trustee, Plaintiff,

v.

John H. GLASSLEY, and Ruby Mae Glassley, Defendants.

Bankruptcy No. 89–20113–7.
Adv. No. 89–0034.

United States Bankruptcy Court,
D. Kansas.

March 6, 1991.

Michael Redmon, Keith C. Sevedge, Horner & Duckers, Kansas City, Kan., for debtors.

Henry W. Green, Leavenworth, Kan., trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the March 15 and 16, 1990 hearing on the Trustee's Amended Complaint to Avoid Preference Action. The plaintiff/trustee, Henry W. Green, appeared pro se. The defendants, John H. Glassley and Ruby Mae Glassley, appeared by and through their attorney, Keith C. Sevedge, of Horner & Duckers. The defendant, John H. Glassley, also appeared in person.

## FINDINGS OF FACT

Based upon the pleadings, the record and the parties' memorandum briefs, this Court finds as follows:

1. That in 1984, John Kenneth Glassley (hereinafter "debtor") formed Wheatstone Studios with Gary Starnes and Curt Bartlett.

2. That John H. Glassley and Ruby Mae Glassley, (hereinafter "defendants") are the father and mother of debtor, John Kenneth Glassley.

3. That on March 1, 1985, John H. Glassley (hereinafter "defendant") made a loan in the amount of $10,000, which was evidenced by a Non–Secured Installment Note signed as follows: "John H. Glassley" Lender, and "John K. Glassley" and "Wheatstone Studios" Borrower.

4. That on March 1, 1986, the defendant made a second loan in the amount of $24,000, which was evidenced by a Non–Secured Installment Note signed as follows: "John H. Glassley" Lender, and "Wheatstone Studios" and "John K. Glassley" Borrower.

5. That on January 9, 1989, Wheatstone Studios was liquidated and all of its property was sold to Youth With A Mission (hereinafter "YWAM") for $26,500. The principals of Wheatstone Studio also sold their own personal property to YWAM, making the gross sale price $29,824.

6. That also in January, 1989, Wheatstone Studios paid the defendants the sum of $18,000; and that the principals of Wheatstone Studios then divided the remaining $11,824 between themselves.

7. That on January 24, 1989, the debtors filed for relief under Chapter 7 of Title 11, United States Code, and Henry W.

Green was duly appointed the trustee in this bankruptcy proceeding.

8. That on April 18, 1989, the trustee filed a Complaint to Avoid Preferential Transfer, said Complaint being amended on November 8, 1989.

9. That on March 15 and 16, 1990, a hearing was held on the trustee's amended complaint, and at the close of plaintiff's case, the Court sustained the defendant's oral Motion for Directed Verdict as to Count I, and dismissed the same, after finding that the plaintiff/trustee had not proven a prima facie case; but denied the motion as to Count II. An Order was entered by this Court on January 23, 1991.

10. That after hearing the testimony and arguments of counsel, the Court took Count II of the Trustee's Complaint under advisement.

## CONCLUSIONS OF LAW

The Kansas Supreme Court has defined a joint venture as "an association of persons with intent, by way of contract, express or implied, to engage in and carry out a single business venture for joint profit." *Goben v. Barry*, 234 Kan. 721, 676 P.2d 90, 93 (1984); *Neighbors Constr. Co., Inc. v. J.R. Seal–Wells Constr. Co., Inc.*, 219 Kan. 382, 548 P.2d 491, 493 (1976); *Stricklin v. Parsons Stockyard Co.*, 192 Kan. 360, 388 P.2d 824 (1964).

Moreover, the Supreme Court of Kansas has found that joint ventures and partnerships are so similar in nature that they would be governed by the same rules of law in the State of Kansas. *Neighbors Constr. Co., Inc. v. J.R. Seal–Wells Constr. Co., Inc.*, 219 Kan. 382, 548 P.2d 491, 493 (1976); *Wenzel Machinery Rental & Sales Co. v. Adkins*, 189 Kan. 435, 370 P.2d 141 (1962).

Courts consider several factors in determining whether an association is a joint venture under Kansas law. One such factor is the joint ownership and control of property. *Modern Air Conditioning, Inc. v. Cinderella Homes, Inc.*, 226 Kan. 70, 596 P.2d 816, 823 (1979); *Goben v. Barry*, 234 Kan. 721, 676 P.2d 90, 96 (1984). In

the case at bar, Gary Starnes, one of the principals of Wheatstone Studios, testified that his contribution to the venture was audio equipment; the debtor contributed money and equipment; and Mr. Bartlett, who purchased Dennis Huppler's share in the venture, also contributed cash. The principals treated the property as belonging to Wheatstone Studios. The loans obtained from the defendant were used to purchase a Kursail (a computer generated horns and string instrument emulator) and other related studio equipment. Moreover, the principals sold the property of Wheatstone Studios to YWAM and split the proceeds from the sale jointly (after paying the $18,000 to the defendant).

Another factor for the Court to consider is "the sharing of expenses, profits and losses, and having and exercising some voice in determining the division of the net earnings." *Modern Air Conditioning*, 596 P.2d at 823; *Goben*, 676 P.2d at 96. In the case at bar, the debtor testified, in his deposition, that profits were computed in the normal accounting fashion to the studio's certified public accountant who then transferred the losses or gains (in thirds) to the parties personal accounts. Gary Starnes further testified that when the studio made a profit, it was equally distributed between the venturers.

Another factor for the Court to consider is "a community of control over and active participation in the management and direction of the business enterprise." *Modern Air Conditioning*, 596 P.2d at 823; *Goben*, 676 P.2d at 96. Here, the debtor maintained the studio's accounting and bookkeeping, and paid the debts of the studio. Gary Starnes acted as the recording engineer and sales person. Curt Bartlett was the producer and a session guitar player. The loans obtained by the debtor were with the consent of the other venturers.

The Court finds that it was in the regular course of business that the debtor signed all the checks for the studio, although the others were also authorized to sign the checks. Moreover, the debtor testified that he signed the notes with the consent of the

other two venturers after discussing the possibility of going to a lending institution. The debtor further testified that Gary Starnes had approached a lending institution about obtaining a loan but the defendant offered to loan the monies at a lower rate of interest. Thus, the loan was obtained from the defendant.

A fourth factor that the Court may consider is whether the intention of the parties was express or implied. *Modern Air Conditioning*, 596 P.2d at 823; *Goben*, 676 P.2d at 96. Here, there was no formal written agreement between the parties. The debtor testified that the association was treated as a joint venture for production of audio recordings and was treated as such for tax purposes.

The trustee argued that because only the debtor signed the Non–Secured Installment Note, the loan was actually a personal loan to the debtor. The Court disagrees. On one note the debtor signed "John K. Glassley" and "Wheatstone Studios," borrower. On the second note the debtor signed "Wheatstone Studios" and "John K. Glassley," borrower. This Court finds that the loans herein were made to Wheatstone Studios as a joint venture and not to the debtor personally. *Wenzel Machinery Rental & Sales Co. v. Adkins*, 189 Kan. 435, 370 P.2d 141 (1962) (The Kansas Supreme Court held that a joint adventurer whose name did not appear on a promissory note, could nevertheless be held liable thereon, where the promissory note was signed by another joint adventurer in the name of the joint adventurer. The promissory note was signed "Ernie Rieke Equipt. Co." and "Ernie Rieke". *Id.* 370 P.2d at 143); *Neighbors Constr. Co., Inc. v. J.R. Seal–Wells Constr. Co., Inc.*, 219 Kan. 382, 548 P.2d 491 (1976) ("[I]t is held that each of several joint venturers has power to bind the others and to subject them to liability to third persons in matters which are strictly within the scope of the joint enterprise." *Id.* 548 P.2d at 493 (quoting 46 Am.Jur.2d, Joint Ventures, § 57, p. 76)). Moreover, Gary Starnes testified that although the other joint venturers' names did not appear on the notes they knew that if they defaulted thereon they would have to liquidate the business.

This Court finds that Wheatstone Studios was a joint venture between the debtor, Gary Starnes and Curt Bartlett. The payment of $18,000 to the defendant was part of the winding up of the joint venture by the parties. Thus, the property transferred was that of Wheatstone Studios and not property of the debtor.

The Court further finds that since this transfer of property was not property of the debtor's estate under § 541 of the Bankruptcy Code, this Court need not address the preference issues raised under § 547(b).

IT IS THEREFORE, BY THE COURT, ORDERED That Count II of the Trustee's Amended Complaint to Avoid Preference Transfer be and the same is hereby DENIED.

This Memorandum shall constitute my Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.